968 P.2d 1051

**The STATE of Arizona, Respondent,**

v.

**Francisco Javier SOTO-PEREZ, Petitioner.**

**No. 2CA-CR97-0506-PR.**

Court of Appeals of Arizona, Division 2, Department A.

July 28, 1998.

Review Denied Dec. 7, 1998.

---

Susan A. Kettlewell, Pima County Public Defender by Lori J. Lefferts, Tucson, for Petitioner.

## OPINION

DRUKE, Chief Judge.

¶ 1 Petitioner pled guilty to one count of attempted aggravated assault with a dangerous instrument, a nondangerous, nonrepetitive, class four felony. The trial court sentenced him to a maximum prison term of 3.75 years pursuant to A.R.S. § 13–702.01(A)(3). The statute provides that, "if a person is convicted of a [class four] felony without having previously been convicted of any felony and if the court finds that at least two substantial aggravating factors listed in [A.R.S.] § 13–702, subsection C apply, the court may increase the maximum term of

imprisonment otherwise authorized for that offense up to [3.75 years]." In support of the sentence, the trial court cited the following aggravating factors from § 13–702(C): (1) petitioner's five prior felony convictions, (2) his two prior prison sentences, and (3) his previous involvement in violent offenses. Petitioner later challenged his sentence by a petition for post-conviction relief, Rule 32, Ariz. R.Crim. P., 17 A.R.S., contending that the court improperly considered factors two and three because they are not specifically listed in § 13–702(C); that the court failed to give petitioner advance notice it intended to sentence him pursuant to § 13–702.01, as required by § 13–702.01(I); and that trial counsel was ineffective in not objecting to the lack of notice. The trial court denied relief and this petition for review followed.

¶ 2 On review, petitioner reasserts only his contention that the trial court improperly considered his prior prison sentences and his previous involvement in violent offenses as aggravating factors under § 13–702(C).[1] Petitioner correctly points out that these two factors are not included in the list set forth in subsections C(1) through C(14) and thus, he argues, could not be considered by the court in imposing sentence under § 13–702.01. Petitioner also argues that the two factors should not be considered under the "catchall" provision of subsection C(15), which allows the court to consider "[a]ny other factors which the court may deem appropriate to the ends of justice."[2] He claims that, if the catchall provision is construed to allow the court to consider aggravating factors not specifically listed in subsections C(1) through C(14), the requirement of § 13–702.01(A) that the aggravating factors be "listed" in subsection C is rendered superfluous and meaningless. We disagree.

¶ 3 A basic principle of statutory construction requires that we give words of a statute their ordinary meaning, unless the context of the statute suggests a different

---

1. The state conceded in the trial court that only one of petitioner's five prior felony convictions was less than ten years old and thus qualified as an aggravating factor under A.R.S. § 13–702(C)(11).

2. Subsection C(15) was previously numbered C(14).

**568**

meaning. *State v. Schoner,* 121 Ariz. 528, 591 P.2d 1305 (App.1979). As noted above, § 13–702.01(A) allows the trial court to increase the sentence for a nonrepetitive felony if it finds at least two aggravating factors "listed in" subsection C of § 13–702. The word "listed" means "incorporated in a list" and the relevant definition of the word "list" means "the total number to be considered or included." *Webster's Third New Int'l Dictionary* 1320 (1971). From these definitions, we conclude that, because C(15) is "listed in" subsection C, that is, "incorporated" in "the total number [of factors] to be considered or included," the sentencing court may, as here, consider factors other than those listed in C(1) through C(14) to determine whether it should increase the sentence for a nonrepetitive felony.

¶ 4 This conclusion, however, does not grant the sentencing court unfettered discretion. First, the language of subsection C(15) itself states that the court may only consider other factors it deems "appropriate to the ends of justice." Second, the *ejusdem generis* rule of statutory construction limits the factors the sentencing court can consider under the catchall language of C(15) to factors similar to those in C(1) to C(14). "'[W]here general words follow the enumeration of particular classes of persons or things, the general words should be construed as applicable only to persons or things of the same general nature or class of those enumerated.'" *Wilderness World, Inc. v. Arizona Dep't of Revenue,* 180 Ariz. 155, 158, 882 P.2d 1281, 1284 (App.1993), *rev'd in part on other grounds,* 182 Ariz. 196, 895 P.2d 108 (1995), *quoting White v. Moore,* 46 Ariz. 48, 53–54, 46 P.2d 1077, 1079 (1935). Finally, § 13–702.01 further constrains the court's sentencing authority because it requires the court to find at least two aggravating factors before it may increase the sentence beyond that permitted by § 13–702.

¶ 5 Because the trial court had before it two substantial aggravating factors as required by § 13–702.01(A) and because nothing in the record demonstrates that the court abused its discretion when it imposed the maximum prison term of 3.75 years, we cannot say the court abused its discretion when it denied post-conviction relief. *See State v. Watton,* 164 Ariz. 323, 793 P.2d 80 (1990) (trial court's order granting or denying post-conviction relief will not be disturbed on review absent an abuse of discretion).

¶ 6 The petition for review is granted but relief is denied.

FLÓREZ and BRAMMER, JJ., concur.