212 P.3d 56

**STATE of Arizona, Appellee,**

v.

**Robby Glen PROVENZINO, Appellant.**

**No. 1 CA–CR 07–0901.**

Court of Appeals of Arizona,
Division 1, Department D.

Feb. 26, 2009.

Terry Goddard, Attorney General by Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section and William Scott Simon, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender by Louise Stark, Deputy Public Defender, Phoenix, Attorneys for Appellant.

**OPINION**

OROZCO, Judge.

¶1 Robby Glen Provenzino (Defendant) was charged with two counts of forgery, each a class 4 felony. He was convicted on both counts and sentenced to ten years in prison. On appeal of his convictions and sentences, Defendant contends the trial court: 1) erred in selecting an eight-person jury rather than a twelve-person jury, 2) did not adequately specify that his sentences were to run concurrently, and 3) imposed an illegal sentence because the prior felonies found to be historical prior felony convictions (HPFCs) could not be used to enhance his sentence. We have jurisdiction pursuant to the Arizona Constitution Article 6, Section 9, and Arizona Revised Statutes (A.R.S.) sections 12.120.21.-A.1 (2003), 13–4031 (2001) and—4033.A (2001). We affirm the eight-person jury verdicts and remand for clarification of Defendant's sentences.

**FACTS AND PROCEDURAL HISTORY**

¶2 Defendant attempted to cash a check made out to another individual for $589.33 at a store in Phoenix. He had an Arizona driver's license identifying himself as the other individual. Store employees became suspicious and called police because the check and the ID were "fuzzy" and the logo on the driver's license was off center. Defendant admitted to a police officer who responded that he attempted to cash a forged check because he was down on his luck and needed money for rent. Defendant was not present at trial. His attorney argued that the State produced insufficient evidence of Defendant's intent. An eight-member jury unanimously convicted Defendant after a one-day trial.

¶3 Before trial, Defendant's attorney requested a twelve-person jury, reasoning that Defendant faced a possible sentence of thirty years in prison, which would entitle him to a twelve-person jury pursuant to Article 2, Section 23 of the Arizona Constitution. She based this assertion on the fact that Defendant had four prior felony convictions, two of which qualified as HPFCs for sentencing purposes under A.R.S. § 13–604 (Supp.

2008)[1], and the other two of which could be considered aggravating factors pursuant to A.R.S. § 13–702.C.11 (Supp.2008)[2] and § 13–702.01.E (Supp.2008)[3]. Pursuant to A.R.S. § 13–702.01.E, Defendant would be subject to a term of fifteen years on each charge if two HPFCs and two aggravating factors were found. The State agreed that a twelve-person jury should be seated because Defendant was subject to enhanced sentences because of the two HPFCs and his sentences also could be aggravated by the other two prior felony convictions, resulting in two possible sentences of fifteen years each. The court disagreed, concluding that prior felony convictions cumulatively can constitute only one aggravating factor rather than two. Accordingly, pursuant to A.R.S. § 13–604.C, the maximum sentence Defendant could receive was two twelve-year prison terms, or twenty-four years total. Therefore, the court decided that Defendant was not entitled to a twelve-person jury and selected only nine jurors, which included one alternate.

¶ 4 At the sentencing hearing, the State noted that Defendant had prior felony convictions for possession of dangerous drugs committed in 1994 (CR 1995–010547); possession of dangerous drugs committed in 1995 (CR 1995–003900); possession of drug paraphernalia committed in 1996 (CR 96–002226); and misconduct involving weapons committed in 2001 (CR 2001–015558). The State took the position that of the four prior convictions, only the 1996 and 2001 felonies qualified as HPFCs for purposes of enhancing Defendant's sentence, pursuant to A.R.S. § 13–604.[4] The court then asked the State whether it was its position that CR 2005–010547 (the court mistakenly combining the year 2005 with the case number from the 1994 crime) and CR 2005–003900 (the court mis-

takenly combining the year 2005 with the case number from the 1995 crime) were the qualified HPFCs, and the State responded in the affirmative.

¶ 5 The court found that the State "proved beyond a reasonable doubt" the HPFCs of CR 95–003900, possession of dangerous drugs, a class 4 felony, and CR 95–010547, possession of dangerous drugs, a class 4 felony.[5] The trial court then stated that Defendant was "sentenced to the Department of Corrections for ten years." The court did not specify whether the sentence was ten years for each count and if so, whether the sentences were to run consecutively or concurrently. The court did not set forth reasons for imposing concurrent sentences, if that was what it intended. The court did state that it found no mitigating circumstances to justify reducing the sentence from the presumptive term of ten years. It noted that Defendant had an extensive criminal history.

¶ 6 The minute entry from the sentencing proceeding states that "the State has proved the prior offenses the defendant committed," that Defendant was convicted of two counts of forgery "with One Prior" on each and that he was to serve two concurrent ten-year terms. Only one HPFC is listed in the minute entry—Misconduct Involving Weapons, CR2001–015558. The Order of Confinement lists both counts but only one term of imprisonment of ten years beginning March 5, 2007, with credit for ninety-five days of presentence incarceration.

## DISCUSSION

### A. Right to a Twelve–Person Jury

¶ 7 The Arizona Constitution requires twelve-member juries in criminal

---

1. We apply the law as it existed at the time of the offense. The relevant section of this statute in 2005 was the same as in 2008. Title 13's sections on sentencing, including this section, were amended in 2008, effective January 1, 2009. *See* H.B. 2207, 48th Leg., 2nd Reg. Sess. (Ariz.2008). The definition of an HPFC is now at A.R.S. § 13–105.22.

2. *Id.* The 2009 amendment moved the language of § 13–702.C.11 to § 13–701.D.11.

3. *Id.* This section was replaced by language in § 13–703.

4. The definition of an HPFC includes "any felony conviction that is a third or more prior felony conviction." Former A.R.S. § 13–604.W.3.d. Therefore, Defendant's third and fourth convictions qualified, although they otherwise would have been too old under other subsections of A.R.S. § 13–604.W.3.

5. However, these convictions were the older crimes that the State told the court did not qualify as HPFCs.

cases in which sentences of thirty years or more are authorized by law. Ariz. Const. Art. 2, § 23. In determining whether a twelve-member panel is necessary, the court considers the possible cumulative sentences in the case, not just the possible sentence for any one charge. *State v. Henley*, 141 Ariz. 465, 468, 687 P.2d 1220, 1223 (1984). An error in empaneling fewer than twelve jurors when twelve are required is fundamental error because it violates a state constitutional provision. *Id.* at 469, 687 P.2d at 1224.

¶ 8 If the charges against a defendant are reduced before the case goes to the jury, such that the possible penalty becomes less than thirty years, a twelve-member jury is not required. *State v. Thompson*, 139 Ariz. 133, 134, 677 P.2d 296, 297 (App.1983). Likewise, if all parties stipulate before trial that if convicted on more than one charge, the defendant must be sentenced to concurrent terms so that the maximum penalty possible is less than thirty years, a twelve-member jury is not required. *State v. Thorne*, 193 Ariz. 137, 138, 971 P.2d 184, 185 (App.1997).

> Notwithstanding, defendant further argues that the maximum sentence was not categorically reduced because, despite the apparent agreement of the parties, unforeseen facts might have been adduced at trial that would have allowed the imposition of consecutive sentences for Counts 1 and 2. Again, we disagree.... The state was bound by that stipulation, and the trial court impliedly agreed by empanelling[empaneling] an eight-person jury.

*Id.*

¶ 9 However, when the judge merely assures that he will not impose a sentence of greater than thirty years and will order concurrent sentences, such a forfeiture of discretion is not sufficient to eliminate the need for a twelve-person jury. *State v. Pope*, 192 Ariz. 119, 121, ¶ 10, 961 P.2d 1067, 1069 (App.1998). "[W]hat one judge may think

about the circumstances of the crime is not the only consideration that bears on the size of the jury." *Id.*

¶ 10 Here, both defense counsel and the State expressed concerns about the possibility that the court could find two aggravating factors and sentence Defendant to two fifteen-year consecutive terms. The trial court, however, concluded that as a matter of law, Defendant's two prior felony convictions could collectively constitute only one aggravating factor under A.R.S. § 13–702.C.11, with the consequence that Defendant could be sentenced to no more than twelve years on each count. Questions of law and of statutory interpretation are reviewed de novo on appeal. *Wilmot v. Wilmot*, 203 Ariz. 565, 569, 58 P.3d 507, 511 (2002).

¶ 11 The issue then is whether, under A.R.S. § 13–702.C.11 [6] and 13–702.01.E,[7] multiple prior felony convictions may constitute multiple aggravating factors, or whether all proven prior felonies may collectively constitute only one aggravating factor in every case. Section 13–702.C.11 lists among several "aggravating circumstances" that "[t]he defendant was previously convicted of a felony within the ten years immediately preceding the date of the offense." Both parties claim the plain language of the statute supports their interpretation.

¶ 12 Defendant provides no authority to support his contention. He merely asserts that the language of the statute is "unambiguous in deeming each qualifying prior conviction as a separate aggravating factor." Defendant then cites *State v. Aguilar*, 209 Ariz. 40, 48, ¶ 26, 97 P.3d 865, 873 (2004), for the proposition that this unambiguous language should be "the guide to interpreting the law."

¶ 13 The State cites two cases in which the defendant had multiple prior convictions that were treated collectively as one aggravating circumstance—*State v. Estrada*, 210 Ariz. 111, 114, ¶ 13, 108 P.3d 261, 264 (App.2005) and *State v. Burdick*, 211 Ariz. 583, 586, ¶ 13,

---

6. A.R.S. § 13–702.C.11 states that the court shall determine an aggravating circumstance when "[t]he defendant was previously convicted of a felony within the ten years immediately preceding the date of the offense." The date of the offense in this case was March 14, 2005.

7. A.R.S. § 13–702.01.E allows the court to increase the penalty for a class 4 felony to 15 years if the defendant has two or more historical prior felonies and "at least two substantial aggravating factors listed in § 13–702, subsection C apply...."

125 P.3d 1039, 1042 (App.2005). *See also State v. Soto–Perez*, 192 Ariz. 566, 567, 968 P.2d 1051, 1052 (App.1998) (defendant's five prior felony convictions constituted one aggravating factor). Other jurisdictions with similar statutes also tend to consider a criminal history as one aggravating factor, whether that history contains one prior felony or several. *See, e.g., Williams v. State*, 891 N.E.2d 621, 632–33 (Ind.App.2008) and *Henyard v. McDonough*, 459 F.3d 1217, 1232 (11th Cir.). However, in none of these cases did a court expressly hold that multiple felony convictions always constitute one aggravating factor and may not be counted as multiple factors.

■ ¶ 14 Where a statute's text allows for more than one rational interpretation, courts may resolve the ambiguity by resorting to statutory interpretation. *Hayes v. Continental Ins. Co.*, 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994). In so doing, this court may consider the statute's context; its language, subject matter, and historical background; its effects and consequences; and its spirit and purpose. *Id.*

¶ 15 In the cases cited by the State and that we have found, defendants' criminal histories typically are compiled for the purposes of demonstrating a single aggravating factor, and courts weigh that factor more heavily when there are multiple convictions. *See Estrada, Burdick and Soto–Perez, supra.* In exploring the statute in context, we consider the text of A.R.S. § 13–702.B, –702.C and § 13–702.01.G, as amended by our legislature in 2006. Prior to that amendment, the court could impose an aggravated sentence under § 13–702.01.E only if the "trier of fact" found any two aggravating factors.[8] The legislature in 2006 amended § 13–702 and § 13–702.01.G to state that the court shall determine the existence of "an" aggra-

vating circumstance in the case of a prior felony. A.R.S. § 13–702.C ("the court shall determine *an* aggravating circumstance under paragraph 11 of this subsection") (emphasis added); A.R.S. § 13–702.01.G ("*an* aggravating circumstance under § 13–702, subsection C, paragraph 11 shall be found to be true by the court") (emphasis added).[9] The amendment clarifies the legislative intent that a criminal history of multiple qualifying felony convictions constitutes only a single aggravating factor under subsection C, paragraph 11. If the legislature had intended to allow the court to find multiple aggravating circumstances when there were multiple prior felonies, it likely would have said that "alleged aggravating *circumstances* under subsection C, paragraph 11 of this section shall be found to be true by the court." *See also* Corpus Juris Secundum Criminal Law, *Sentencing Guidelines, Departures, Criminal History:* "A defendant's prior criminal history may constitute *an* aggravating factor under sentencing guidelines ..." C.J.S. CrimLaw § 2027 (emphasis added).

¶ 16 Given that the language and history of the relevant statutes support the trial court's interpretation, we affirm the trial court's statutory interpretation and hold that Defendant was not entitled to a twelve-person jury in this case.

## B. Historical Priors Error

■ ¶ 17 Defendant argues he must be resentenced because the trial court mistakenly found that his prior convictions from 1995 were HPFCs for the purpose of enhancing his sentence under A.R.S. § 13–604, when in fact it was Defendant's convictions in 1996 and 2001 that may have qualified.

---

8. In 2005, the legislature added this language to align the state law with the U.S. Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *See* Hearing on S.B. 1050 Before the H. Comm. on the Judiciary, 47th Leg., 2nd Reg. Sess. (Ariz. 2006). However, the Sixth Amendment requirement that any fact that increases the penalty for a crime beyond the prescribed statutory maximum be submitted to the jury does not apply to the fact of a prior conviction, which may be

found by the trial court. *See United States v. Booker*, 543 U.S. 220, 231, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)).

9. The legislature amended these laws again in 2008, effective January 1, 2009, but left the "an aggravating circumstance" language intact. *See* H.B. 2207, n. 1, *supra*.

¶ 18 Because Defendant did not object at the sentencing hearing, we review for fundamental, prejudicial error. *State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19–20, 115 P.3d 601, 607 (2005). Imposition of an illegal sentence constitutes fundamental error that may be reversed on appeal, despite the lack of an objection in the trial court. *State v. Thues*, 203 Ariz. 339, 340, ¶ 4, 54 P.3d 368, 369 (App.2002); *State v. Canion*, 199 Ariz. 227, 230, ¶ 10, 16 P.3d 788, 791 (App.2000). "An unlawful sentence is one that is outside the statutory range." *State v. House*, 169 Ariz. 572, 573, 821 P.2d 233, 234 (App.1991).

¶ 19 To use a prior conviction to aggravate Defendant's sentence, the State was required to prove that Defendant and the perpetrator of the prior crime were one and the same, and that a prior conviction actually occurred. *State v. Van Adams*, 194 Ariz. 408, 419, ¶ 36, 984 P.2d 16, 27 (1999). The preferred method of proving prior convictions for sentence-enhancement purposes is submission of "certified conviction documents bearing the defendant's fingerprints." *State v. Robles*, 213 Ariz. 268, 273, ¶ 16, 141 P.3d 748, 753 (App. 2006).

¶ 20 Here, the State produced a fingerprint analyst who testified that he fingerprinted Defendant and that Defendant's fingerprints matched those on certified court documents (minute entries and "pen packs") from Defendant's prior convictions.

¶ 21 The trial court erred in finding that the convictions that qualified as HPFCs were CR 95–003900 and CR 95–010547, instead of CR 96–002226 and CR 2001–015558, because the offenses at issue in the CR 95–003900 and CR 95–010547 former convictions occurred more than five years before the current offense. *See* n. 4, *supra.* However, the error was neither fundamental nor prejudicial. The State was required to prove two prior convictions that fell within the statutory framework, and the State did so, using the preferred method to prove the 1996 and 2001 convictions. Therefore, the sentence imposed was not outside the statutory range and not unlawful. The fact that the court orally identified the wrong case numbers and felony crimes was not fundamental error or prejudicial, since proof of two later HPFCs

(CR 96–002226 and CR 2001–015558) was in the record. Even though the minute entry identifies one of the correct case numbers, it fails to identify a second prior felony and lists each new felony conviction as having only "one prior." We therefore remand to the trial court with directions to correct the minute entry to list all HPFCs identified and proven by the State, and to accordingly list each new felony conviction as having the correct number of prior felonies.

## C. Sentencing Inconsistencies

¶ 22 Defendant complains that the court did not make clear whether he is to serve one sentence or two, and, if two, whether his sentences are to be concurrent or consecutive. He contends the court's oral pronouncement, the minute entry and the Order of Confinement are inconsistent with respect to those matters.

¶ 23 "[I]f multiple sentences of imprisonment are imposed on a person at the same time ... the sentence or sentences imposed by the court shall run consecutively unless the court expressly directs otherwise, in which case the court shall set forth on the record the reason for its sentence." A.R.S. § 13–708 (Supp.2008). However, a court may not impose consecutive sentences for conduct that is deemed a single act. *State v. Noble*, 152 Ariz. 284, 286, 731 P.2d 1228, 1230 (1987); *State v. Tinghitella*, 108 Ariz. 1, 4, 491 P.2d 834, 837 (1971); A.R.S. § 13–116 (2001). To determine whether conduct is deemed a single act, "[t]he test requires that we identify the ultimate crime, discard the evidence that fulfills the elements of that crime, and then determine whether the remaining facts satisfy the elements of the other crime[ ]." *State v. Roseberry*, 210 Ariz. 360, 370, ¶ 58, 111 P.3d 402, 412 (2005).

¶ 24 Here, Defendant was convicted of forging both the check and the driver's license. The "ultimate" crime was check forgery, as the forged license merely served to assist Defendant in cashing the check. If Defendant had not obtained the forged driver's license, but had forged the check and attempted to cash it anyway, the creation of the forged check and the attempt to cash it

would, by themselves, support a charge of forgery. Therefore, the trial court had the discretion to impose consecutive sentences, and the consecutive sentence presumption from A.R.S. § 13–708 would apply if the court's oral pronouncement was the only evidence of its intent with respect to sentencing. However, the minute entry and the Order of Confinement raise a question about whether the court "expressly direct[ed]" that Defendant's sentences be served concurrently.

¶ 25 "[W]hen there is a discrepancy between the oral pronouncement of sentence and the minute entry that cannot be resolved by reference *to the record*, a remand for clarification of sentence is appropriate." *State v. Bowles*, 173 Ariz. 214, 216, 841 P.2d 209, 211 (App.1992) (emphasis in original). In *Bowles*, the judge stated orally at the sentencing hearing that the sentences would be concurrent, but the minute entry stated that they were to run consecutively. This court found sufficient evidence in the record that the trial court judge intended that the sentences be consecutive, despite the remark at the sentencing hearing.

> The trial court clearly stated on two occasions that the plea agreement called for the sentence to be consecutive to the parole term. The trial court clearly stated at both the change of plea hearing and the sentencing hearing that the sentence was to be consecutive per the plea agreement.

*Id.*

¶ 26 Here, there was no plea agreement and no dispositive evidence in the record of the trial court's intent. Additionally absent from the record is a statement by the trial court that there are, in fact, two sentences imposed, one for each count. Finally, if the court intended concurrent sentences, as the minute entry indicates, the court was required pursuant to A.R.S. § 13–708 to "set forth on the record the reason for its [concurrent] sentence[s]." It did not do so. Therefore, this court cannot assume that concurrent sentences were intended, and we remand for a clarification of sentence. Specifically, the trial court should state whether Defendant is sentenced to two terms, one for each count, and if so, whether the sentences are to be served concurrently or consecutive-

ly. If the court intended that Defendant be sentenced to two ten-year terms to run concurrently, as implied in the minute entry, the court is directed to set forth its reasons for the concurrent sentences on the record. We further direct the trial court clarify the Order of Confinement accordingly.

## CONCLUSION

¶ 27 For the above stated reasons, we affirm the convictions by the eight-member jury and remand for the trial court to correct the judgment, to clarify the sentence or sentences imposed and, if two sentences are imposed, to state whether they are to be consecutive or concurrent and if concurrent, to set forth its reasons.

CONCURRING: DIANE M. JOHNSEN, Presiding Judge and SHELDON H. WEISBERG, Judge.