IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,                  )
                                       )
                    Respondent,        )          2 CA-CR 2007-0401-PR
                                       )          DEPARTMENT B
          v.                           )
                                       )          O P I N I O N
DOUGLAS SCOTT PERRIN,                  )
                                       )
                    Petitioner.        )
_____)

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20054034

Honorable Christopher C. Browning, Judge

REVIEW GRANTED; RELIEF GRANTED

Barbara LaWall, Pima County Attorney
  By Jacob R. Lines                                                    Tucson
                                                        Attorneys for Respondent

Isabel G. Garcia, Pima County Legal Defender
  By Scott A. Martin                                                   Tucson
                                                         Attorneys for Petitioner

V Á S Q U E Z, Judge.

¶1        This post-conviction relief proceeding returns to us on remand from the Arizona Supreme Court for us to reconsider our prior memorandum decision in light of its opinion in *State v. Schmidt*, 220 Ariz. 563, 208 P.3d 214 (2009). After further consideration, we vacate our prior decision, vacate Perrin's sentence for manslaughter, and remand for resentencing.

**Procedural Background**

¶2        Pursuant to a plea agreement encompassing charges in two separate indictments, Perrin was convicted of manslaughter, driving with a blood alcohol concentration of .08 or more, and aggravated driving under the influence of an intoxicant (DUI) with a minor present. For the first two convictions, the trial court sentenced him to concurrent, substantially aggravated terms of imprisonment, the longest of which was 12.5 years, and it imposed a ten-year term of intensive probation for the aggravated DUI conviction.

¶3        Pursuant to Rule 32, Ariz. R. Crim. P., Perrin filed a petition for post-conviction relief, asking the trial court to vacate his substantially aggravated sentences for manslaughter because (1) the court had not provided advance notice of its intent to consider that range of sentence, as required by statute; (2) counsel was ineffective for failing to object to the imposition of a substantially aggravated sentence; and (3) the court had used improper factors and had failed to find the requisite number of enumerated aggravating factors to substantially aggravate his sentence. The court permitted Perrin to introduce additional

mitigation evidence and reconsidered its imposition of the substantially aggravated sentence, but it ultimately denied relief. Perrin then filed a petition for review with this court.

**¶4**　　　In his petition, Perrin asserted he had been improperly sentenced under § 13-702.01 to the substantially aggravated sentence for manslaughter because the trial court had not found the presence of two enumerated aggravating factors listed in § 13-702(C) and instead relied in part on factors it had found under the "catch-all provision" of § 13-702(C)(21), which permits a court to consider any non-enumerated factors it "deems appropriate to the ends of justice."[1] Perrin acknowledged that in *State v. Soto-Perez*, 192 Ariz. 566, ¶ 3, 968 P.2d 1051, 1053 (App. 1998), this court had held, based on the statute's language, that a trial court could use the catch-all aggravator, in part, to substantially aggravate a sentence under § 13-702.01. However, he contended *Soto-Perez* was wrongly decided.

**¶5**　　　In our memorandum decision, we rejected Perrin's invitation to reconsider our decision in *Soto-Perez*, finding its statutory analysis "compelling" and noting that Perrin had "cite[d] no evidence of the legislature's intent other than the plain language of the statute, . . . nor [had] he cite[d] any subsequent development in the law that might have invalidated [*Soto-Perez*'s] analysis." No. 2 CA-CR 2007-0401-PR, ¶ 6 (memorandum decision filed

---

[1]Since Perrin was sentenced, the relevant sentencing statutes have been amended and renumbered. *See* 2008 Ariz. Sess. Laws, ch. 301, §§ 1-120; 2006 Ariz. Sess. Laws, ch. 104, § 1; 2005 Ariz. Sess. Laws, ch. 20, § 1; 2004 Ariz. Sess. Laws, ch. 174, § 1. Therefore, for ease of reference, we refer to the statutes in effect at that time.

Sept. 5, 2008). Perrin petitioned for review to our supreme court, which granted his petition and remanded to this court for our reconsideration in light of its recent decision in *Schmidt*.

**Discussion**

¶6        In *Schmidt*, the supreme court considered whether a defendant's maximum potential sentence could be increased based solely on the catch-all aggravator in § 13-702(C)(21). 220 Ariz. 563, ¶ 1, 208 P.3d at 215. Schmidt had pled guilty to two offenses and received the presumptive prison term for one charge and lifetime probation for the other. *Id.* ¶ 2. After serving his sentence and subsequently violating his probation conditions three times, the trial court revoked probation and sentenced him to an aggravated term of imprisonment pursuant to § 13-702, based solely on the catch-all provision. *Id.* ¶ 3. Schmidt petitioned for post-conviction relief, and our supreme court granted review and remanded for resentencing.

¶7        In its analysis, the court focused on principles of due process and fair notice, which protect individuals from arbitrary government action, and it relied heavily on the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 484 (2000), and subsequent cases, which have been generally understood to stand for the proposition that a defendant has a constitutional right under the Sixth Amendment to have a jury find beyond a reasonable doubt "all the facts 'which the law makes essential to the punishment.'" *Blakely v. Washington*, 542 U.S. 296, 304 (2004), *quoting* 1 J. Bishop, *Criminal Procedure* § 87, at 55 (2d ed. 1872). *See generally United States v. Booker*, 543 U.S. 220 (2005); *Harris v.*

4

*United States*, 536 U.S. 545 (2002); *see also Schmidt*, 220 Ariz. 563, ¶¶ 5-7, 208 P.3d at 216-17. According to *Apprendi*, legally essential facts are those "that expose a defendant to a penalty greater than the prescribed statutory maximum[2] applicable by virtue of a guilty verdict"; such facts are "functionally . . . element[s of the offense] for purposes of the Sixth Amendment jury right." *State v. Martinez*, 210 Ariz. 578, ¶ 10, 115 P.3d 618, 621-22 (2005). They therefore must "be treated accordingly." *Schmidt*, 220 Ariz. 563, ¶ 6, 208 P.3d at 216. Thus the court in *Schmidt* concluded, "[b]ecause protection against arbitrary government action is the quintessence of due process, the rationale of *Apprendi* and subsequent cases require that [it] assess the vagueness of the catch-all aggravator." 220 Ariz. 563, ¶ 7, 208 P.3d at 216; *see also Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

¶8        After reviewing § 13-702(C)(21), the court concluded, "[t]he catch-all provision is patently vague," and its use "as the sole factor to increase a defendant's statutory maximum sentence violates due process because it gives the sentencing court virtually unlimited post hoc discretion to determine whether the defendant's prior conduct is the functional equivalent of an element of the aggravated offense." *Id.* ¶¶ 9-10. It thus held that, in order for the "'elements' of the aggravated offense [to] have been identified with sufficient clarity to satisfy due process," the trial court was required to find "one or more clearly

---

[2]In Arizona, "the statutory maximum sentence for *Apprendi* purposes in a case in which no aggravating factors have been proved to a jury beyond a reasonable doubt is the presumptive sentence established" by statute. *State v. Martinez*, 210 Ariz. 578, ¶ 17, 115 P.3d 618, 623 (2005).

5

enumerated aggravators . . . consistent with *Apprendi*." *Schmidt*, 220 Ariz. 563, ¶ 11, 208 P.3d at 217.[3]

**¶9**         We find *Schmidt* analytically indistinguishable from this case. Although Perrin's statutory sentencing range was increased pursuant to § 13-702.01, which required the trial court to find at least *two* aggravating factors rather than one factor as in *Schmidt*, the presence of two such factors is "essential to the punishment" Perrin received. *See Blakely*, 542 U.S. at 304. Consequently, each of the two factors is a functional element of the substantially aggravated offense, and in order to impose a substantially aggravated sentence under § 13-702.01(A), the court must have found a minimum of two "clearly enumerated aggravators." *Schmidt*, 220 Ariz. 563, ¶ 11, 220 P.3d at 217. Here, the court substantially aggravated Perrin's sentence on the basis of one enumerated factor—the harm to the victim's family—and two catch-all factors. The court's use of the catch-all to aggravate substantially Perrin's sentence subjected him to the same "unlimited post hoc discretion" against which *Schmidt* protects. *See id.* ¶ 10. Therefore, Perrin's sentence is invalid.

**¶10**        This holding conflicts directly with our conclusion in *State v. Soto-Perez*. However, we decided *Soto-Perez* before the Supreme Court's opinions in *Apprendi* and

---

[3]The court did not invalidate the use of § 13-702(C)(21) for all purposes in *Schmidt*. Although it found a catch-all could not be used to establish a particular sentencing range, the court then suggested that once a sentencing range has been established through enumerated aggravators, "[s]ubsequent reliance on other factors embraced by a catch-all to justify a sentence up to the statutory maximum comports with the traditional discretionary role afforded judges in sentencing." *Schmidt*, 220 Ariz. 563, ¶ 11, 208 P.3d at 217.

*Blakely* and, therefore, did not consider any issues beyond the construction and meaning of the statutory language in reaching our conclusion. *See generally Soto-Perez*, 192 Ariz. 566, 968 P.2d 1051. In light of *Schmidt* and our application of it here, we have no choice but to conclude *Soto-Perez*'s holding that the catch-all aggravator may alone be used to increase a defendant's statutory maximum sentence is no longer correct, and we therefore overrule that case.

**Disposition**

**¶11** For the reasons set forth above, we grant review, vacate Perrin's substantially aggravated sentence for manslaughter, vacate our prior memorandum decision, and remand the case to the trial court for resentencing in accordance with this opinion.

_____
GARYE L. VÁSQUEZ, Judge

CONCURRING:


_____
PETER J. ECKERSTROM, Presiding Judge


_____
PHILIP G. ESPINOSA, Judge