NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GUILLERMO LOPEZ, *Petitioner*.

No. 1 CA-CR 13-0720 PRPC

FILED 4-16-2015

Appeal from the Superior Court in Maricopa County
No. CR2003-006174-001 DT
The Honorable Crane McClennen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Guillermo Lopez, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Jon W. Thompson joined.

---

**P O R T L E Y,** Judge:

**¶1**        Petitioner Guillermo Lopez petitions this court to review the dismissal of his petition for post-conviction relief and grant him relief.  We have considered the petition for review and, for the reasons stated, grant review, but deny relief.

**¶2**        Lopez was indicted and convicted by a jury of four counts of sexual assault, four counts of aggravated assault and one count of kidnapping.[1]  He was subsequently sentenced to nine aggravated sentences for an aggregate prison term of one hundred years.  An appeal was filed and we affirmed Lopez's convictions and sentences.  *State v. Lopez*, 1 CA-CR 03-0828 (Ariz. App. May 6, 2004) (mem. decision).  Lopez now seeks review of the summary dismissal of his second petition for post-conviction relief.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3**        Lopez presents two issues for review.  He first contends the trial court erred by considering his two prior felony convictions (which he admitted to when testifying on his own behalf) to enhance his sentences, because those priors were too old to be considered as "historical prior felony convictions" pursuant to Arizona Revised Statutes ("A.R.S.") section 13-604(V)(1) (2002).  Lopez did not raise the issue on direct appeal.  As a result, because any claim Lopez could have raised on direct appeal is precluded, Arizona Rule of Criminal Procedure 32.2(a), and none of the exceptions under Rule 32.2(b) apply, we deny relief.

**¶4**        Lopez next contends the opinions in *State v. Schmidt*, 220 Ariz. 563, 208 P.3d 214 (2009), and *State v. Perrin*, 222 Ariz. 375, 214 P.3d 1016 (App. 2009), are significant changes in the law that require us to grant relief.  Specifically, he contends that both cases require a trial court to find at least two aggravating circumstances before the court may impose any aggravated sentence.  *See* A.R.S. § 13-702(C) (2002) (aggravating

---

[1] Lopez was found not guilty of count six, theft.

circumstances for sentencing purposes). We disagree that those opinions are significant changes in the law.

¶5        Here, the sole aggravating circumstance the trial court used to aggravate each conviction was the physical, emotional and financial harm Lopez caused the victim. *See* A.R.S. § 13-702(C)(9) (physical, emotional and/or financial harm to the victim as an aggravating circumstance). But neither *Schmidt* nor *Perrin* would justify a resentence.

¶6        In *Schmidt*, our supreme court held a trial court may not impose an aggravated sentence based solely on the existence of a "catch-all" aggravating circumstance. *Schmidt*, 220 Ariz. at 564, ¶ 1, 208 P.3d at 215.[2] If a trial court wishes to rely on a "catch-all" aggravating circumstance to impose an aggravated sentence, the State must also establish the existence of at least one enumerated aggravating circumstance. *Id.* at 566, ¶ 11, 208 P.3d at 217. *Schmidt,* as a result, does not apply here because the trial court did not rely on a catch-all factor to aggravate the sentences, and *Schmidt* does not otherwise stand for the proposition that a trial court must always find at least two aggravating circumstances before it may impose an aggravated sentence.[3]

---

[2] When Lopez committed the offenses in 2002, the "catch-all" circumstance was "any other factor that the court deems appropriate to the ends of justice." A.R.S. § 13-702(C)(19).

[3] It is important to note that our supreme court clarified *Schmidt* in *State v. Bonfiglio*, 231 Ariz. 371, 295 P.3d 948 (2013). *Schmidt* provides that a trial court may rely on a catch-all factor if there is also a "properly found specifically enumerated factor [that makes] the defendant eligible for a sentence greater than the presumptive" sentence. *Bonfiglio*, 231 Ariz. at 373, ¶ 10, 295 P.3d at 950. *Schmidt* does *not* provide that a court may rely on a catch-all factor only if it also relies on that enumerated factor to impose an aggravated sentence. *Id.* In *Bonfiglio*, the trial court *enhanced* Bonfiglio's sentence with his prior convictions, but relied only upon a catch-all factor to *aggravate* his sentence. Proof that Bonfiglio had prior convictions, even if only for purposes of sentence enhancement, satisfied *Schmidt* because prior convictions were also an enumerated aggravating factor. *Id.* at 372, ¶ 3, 295 P.3d at 949. This allowed the trial court to impose an aggravated sentence based on the existence of a catch-all factor even if that was the only aggravating factor the court relied upon. *Id.* at 374, ¶ 11, 295 P.3d at 951. Finally, *Bonfiglio* overruled *State v. Zinsmeyer*, 222 Ariz. 612, 218 P.3d 1069

**¶7** Moreover, in *Perrin*, the appellate court held that a trial court may not impose a *substantially* aggravated sentence pursuant to the former A.R.S. § 13-702.01 unless the court finds at least two enumerated aggravating circumstances. *Perrin*, 222 Ariz. at 378, ¶ 9, 214 P.3d at 1019. The court here did not sentence Lopez to a "substantially aggravated" sentence pursuant to A.R.S. § 13-702.01, and *Perrin* does not otherwise stand for the proposition that a trial court must always find the existence of two aggravating circumstances before it may impose any aggravated sentence.[4] Consequently, because neither case is a significant change in the law that impacts Lopez, we deny relief.

**¶8** Having reviewed the two issues Lopez raised in the petition for review, we deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

(App. 2009), a case Lopez also cites as a significant change in the law. *Bonfiglio*, 231 Ariz. at 374, ¶ 15, 295 P.3d at 951.

[4] While these are not the grounds upon which the trial court dismissed the petition for post-conviction relief, we may affirm a decision of a trial court on any basis which is supported by the record. *State v. Robinson*, 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987).