NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CARLOS LEAUDRE WEBB, *Appellant.*

No. 1 CA-CR 14-0546
FILED 3-31-2016

Appeal from the Superior Court in Maricopa County
No. CR2012-121749-001, CR2013-002132-001
The Honorable Warren J. Granville, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Louise Stark
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Patricia A. Orozco joined.

---

J O N E S, Judge:

¶1 Webb was convicted and sentenced for attempted second degree murder, kidnapping, and two counts of aggravated assault. He appeals the trial court's sentences. We affirm Webb's sentence for the second count of aggravated assault. We vacate Webb's sentences for attempted second degree murder, kidnapping, and the first count of aggravated assault and remand to the trial court for resentencing consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

¶2 In 2010, Webb met with an educational recruiter at ITT Technical Institute (ITT) to enroll in classes. After enrolling, Webb pursued a romantic relationship with the recruiter. The recruiter refused Webb's advances, stating it was "against policy." Consistent with her job responsibilities however, the recruiter re-enrolled Webb for classes in 2011.

¶3 In April 2012, Webb located an ex-girlfriend in a classroom at ITT and asked her to talk with him outside. She refused, even after he lifted his shirt to show her he had a gun tucked into his waistband.

¶4 That evening, the recruiter noticed Webb staring at her while she spoke with another student in the campus internet café. She saw Webb leave after about ten minutes, and soon thereafter exited the campus building to go home. As she stepped outside the building, Webb approached her and said he needed to talk. The recruiter told him she could not speak with him at that time because she was no longer working. Webb demanded she go to her car, and, not understanding why, she refused. Webb again insisted, stating, "I'm going to do something crazy, go to your car." The recruiter again refused and began backing away from Webb. Webb suddenly pulled the gun from his waistband, put it to the recruiter's neck, and said, "you knew I liked you, you should have been with me."

¶5        The recruiter struggled with Webb, attempting to pull the gun away from him as he forcibly led her to an open field adjacent to the ITT parking lot.  Once there, Webb threw her to the ground, lay on top of her, and told her he would kill her if she screamed or tried to run.  She said she would do whatever he wanted, and he instructed her to go to her car.  She got up from the ground while Webb held the gun to her side.  She immediately noticed a man on a motorcycle nearby and yelled for help.  The motorcyclist, hearing her screams and seeing her struggle, shined his motorcycle's headlight toward her and yelled, "hey, what are you doing, let her go."

¶6        The recruiter broke free and began moving back toward the school.  As she did so, Webb fired the gun.  The bullet struck the recruiter in the back, but she continued to run back to ITT and, once inside, was tended to by two ITT employees who called 9-1-1.

¶7        Police were informed Webb was the assailant, and later that evening, Webb surrendered to police.  While en route to the police station, Webb admitted shooting the recruiter, who, following emergency surgery and several days in a coma, eventually recovered.

¶8        Webb was convicted of attempted second degree murder (count one), kidnapping (count two), and two counts of aggravated assault (counts three and five).[1]  Because Webb used a gun while committing all of these offenses, he was sentenced as a dangerous offender under Arizona Revised Statutes (A.R.S.) section 13-704(A).[2]   After considering the aggravating and mitigating factors, the trial court sentenced Webb to aggravated terms of twenty years' imprisonment on count one, eighteen years' imprisonment on count two, and ten years' imprisonment on count three, as well as a presumptive term of seven and a half years' imprisonment on count five.  *See id.*  The court ordered the sentences on counts two, three, and five to run concurrently but consecutive to the sentence imposed on count one.  Webb timely appealed.  We have

---

[1]        Webb was also indicted for one count each of attempted sexual assault, misconduct involving weapons, disorderly conduct, and threatening and intimidating.  None of these charges resulted in a conviction.

[2]        Absent material changes from the relevant date, we cite a statute's current version.

jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1), (4).

## DISCUSSION

### I.     Consecutive Sentences on Counts One and Three

¶9          Webb argues the trial court erred in ordering his sentence for count three (aggravated assault) to run consecutive to his sentence for count one (attempted second degree murder) because both arose from a single act — shooting the gun.  Because Webb did not object at the sentencing hearing, we review for fundamental, prejudicial error.  *State v. Provenzino*, 221 Ariz. 364, 369, ¶ 18 (App. 2009) (citing *State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19-20 (2005)).   Generally, "[i]mposition of an illegal sentence constitutes fundamental error."  *State v. Thues*, 203 Ariz. 339, 340, ¶ 4 (App. 2002) (citing *State v. Cox*, 201 Ariz. 464, 468, ¶ 13 (App. 2002)).

¶10          Arizona law provides "[a]n act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may [the] sentences be other than concurrent."  A.R.S. § 13-116.  The State concedes Webb's convictions on counts one and three arose from a single act and the trial court's consecutive sentences constitute fundamental, prejudicial error.  Therefore, pursuant to A.R.S. § 13-116, we order that count three, which is subject to resentencing on remand as addressed below, *infra* Part II, run concurrently with count one.

### II.     Aggravating Factors Considered at Sentencing

¶11          Webb also argues the trial court improperly considered (1) the use of a gun in the commission of the offenses and (2) injury to the victim when it imposed aggravated sentences for counts one through three.  Again, because Webb failed to object to the sentences at the time they were imposed, we review for fundamental, prejudicial error.  *See supra* ¶ 9.

¶12          At the aggravation hearing, the jury found the offenses in counts one and two "w[ere] committed while the defendant was on probation for another offense, . . . involved the use or threatened use of a gun, . . . involved the infliction or threatened infliction of serious physical injury, . . . [and] caused physical or emotional harm to the victim."  As to count three, the jury found the offense "was committed while the defendant was on probation for another offense, . . . involved the use or threatened use of a gun, . . . [and] caused emotional harm to the victim."

¶13    At the sentencing hearing, the trial court stated:

> Based upon the Jury's determination, the Court finds as
> applicable to Counts 1, 2, 3 and 5, the aggravating factor that
> you committed the offense on probation, the aggravating
> factor of the use of a deadly weapon, the aggravating factor
> of serious physical injury, the aggravating factor of physical
> and emotional harm suffered by the victim.

The court further stated:

> I do know as proven that you were on probation at the time.
> I do know beyond a reasonable doubt that you used a
> weapon.  I do know beyond a reasonable doubt that you
> caused serious physical injury, both with a fractured
> collarbone and abdominal wound that almost killed [the
> victim].  I do know beyond a reasonable doubt the physical
> and emotional harm.  I do accept as true your mother's
> support, the family background and PTSD, as reflected in the
> doctor's report, the mental health issues.

After advising it had "balance[d] all those factors out," the court then
sentenced Webb to aggravated prison terms for counts one through
three and a presumptive term for count five.

### A.    Use of a Gun

¶14    Webb argues the use of a gun elevated the offenses in counts
one through three to dangerous offenses, *see* A.R.S. § 13-105(13) (defining
"dangerous offense" as one "involving the discharge, use or threatening
exhibition of a deadly weapon or dangerous instrument"), and that the trial
court therefore could not also use that factor to aggravate his sentences.
Indeed, A.R.S. § 13-701(D)(2) mandates that the court "consider . . . [the]
[u]se, threatened use or possession of a deadly weapon" as an aggravating
factor at sentencing, "*except* if this circumstance . . . has been utilized to
enhance the range of punishment under [A.R.S.] § 13-704."   (Emphasis
added).

¶15    The State concedes that the use of a gun could not be used to
aggravate any of Webb's sentences, *see State v. Glassel*, 211 Ariz. 33, 57 n.17,
¶ 101 (2005), but contends the trial court used this factor only to enhance
Webb's sentence as a dangerous offender rather than aggravate his sentence
within the applicable range, *see State v. Alvarez*, 205 Ariz. 110, 116 n.1 (App.
2003) ("Sentence enhancement elevates the entire range of permissible

punishment while aggravation and mitigation raise or lower a sentence within that range.").  The State's argument is not supported by the record.

¶16          At sentencing, the trial court specifically acknowledged Webb's use of a gun was one of the aggravating factors found by the jury, stated it knew Webb "used a weapon," and sentenced Webb to aggravated prison terms for counts one through three after "balancing *all those factors out.*"  (Emphasis added).  The record therefore does not definitively indicate that the presence of a gun was used only to enhance Webb's sentence — that is, to apply the more stringent sentencing range under A.R.S. § 13-704(A) — and not also to aggravate Webb's sentence within that range.  And, if the court did consider the use of a gun in imposing an aggravated sentence, the sentence would violate A.R.S. § 13-701(D)(2) and constitute fundamental error.  *See Thues*, 203 Ariz. at 340, ¶ 4 (citing *Cox*, 201 Ariz. at 468, ¶ 13); *see also State v. Trujillo*, 227 Ariz. 314, 318, ¶ 15 (App. 2011) (holding consideration of prohibited aggravating factors deprives the defendant of a right essential to his defense and constitutes fundamental error) (citations omitted).

¶17          In addition to showing fundamental error, Webb must also demonstrate the error was prejudicial.  *See State v. Smith*, 219 Ariz. 132, 136, ¶ 21 (2008) (citing *Henderson*, 210 Ariz. at 568, ¶ 22).  "A sentencing error involving the improper consideration of aggravating factors is harmless only if we can be certain that, absent the error, the court would have reached the same result."  *State v. Munninger*, 213 Ariz. 393, 396, ¶ 9 (App. 2006) (quotation and citation omitted).  In *Munninger*, we concluded the defendant was not prejudiced where it was clear from the trial court's comments it would have imposed an aggravated sentence based upon "each of the aggravating factors alone."  *Id.* at 397, ¶ 12.  Here, however, the court engaged in no such explicit delineation during sentencing; instead, it listed the aggravating factors found by the jury, including the use of a gun, and imposed aggravated sentences after "balancing all those factors out."  Under A.R.S. §§ 13-704(A) and -708(A), the court had the discretion to impose sentences of 10.5 to 21 years for counts one and two, and 7.5 to 15 years for count three.  Had the court not included the use of a gun in "balancing all those factors," Webb's sentence may well have been less than what it imposed.  Furthermore, as Webb's brief recognizes, the court sentenced Webb to the presumptive term on count five despite considering the same aggravating factors on all counts.

¶18 Because we cannot conclude the trial court would have imposed the same sentence absent its consideration of the use of a gun as an aggravating factor on counts one and three, we remand for resentencing. *See Munninger*, 213 Ariz. at 396, ¶ 9.

## B. Serious Physical Injury

¶19 Webb likewise asserts the trial court erroneously considered infliction of serious physical injury — an essential element of the offense of aggravated assault — when it imposed an aggravated sentence for count three.[3] Under A.R.S. § 13-701(D)(1), the trial court is prohibited from considering the infliction or threatened infliction of serious physical injury as an aggravating factor in imposing sentence if the factor "is an essential element of the offense of conviction." The parties agree that infliction of serious physical injury constituted an essential element of the aggravated assault offense for which Webb was charged and convicted here.[4]

¶20 At sentencing, the trial court specifically acknowledged that infliction of serious physical injury was one of the aggravating factors found by the jury, stated it knew Webb "caused serious physical injury" to the victim, and sentenced Webb to an aggravated prison term for count three after "balancing all those factors out." The record therefore does not definitively indicate whether infliction of serious physical injury was considered an aggravating factor of Webb's sentence for count three. If the court did consider infliction of serious physical injury in imposing an aggravated sentence for count three, it violated the law, which constitutes fundamental error. *See supra* ¶ 16. Therefore, on remand, the trial court is prohibited from considering infliction of serious physical injury as an aggravating factor in resentencing Webb for count three.

---

[3] Webb also argues the court erred in considering infliction of serious injury as an aggravating factor because the jury did not find this factor as to count three. But, "once a jury finds or a defendant admits a single aggravating factor, the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statute." *State v. Martinez*, 210 Ariz. 578, 585, ¶ 26 (2005) (citing A.R.S. § 13-702).

[4] As the jury was instructed, a person commits aggravated assault by intentionally, knowingly, or recklessly causing serious physical injury to another person. A.R.S. §§ 13-1203(A)(1), -1204(A)(1).

**CONCLUSION**

**¶21**      We affirm Webb's convictions on all counts and sentence on count five.  We vacate his sentences for counts one through three and remand for resentencing consistent with this decision.



**Ruth A. Willingham · Clerk of the Court**
F I L E D : ama