SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| STATE OF ARIZONA, ) | Arizona Supreme Court |
| ) | No. CR-08-0308-PR |
| Respondent, ) | |
| ) | Court of Appeals |
| v. ) | Division One |
| ) | No. 1 CA-CR 07-0935 PRPC |
| MICHAEL DIMETRIUS SCHMIDT, ) | |
| ) | Maricopa County |
| Petitioner. ) | Superior Court |
| ) | No. CR1992-003695 |
| ) | |
| ) | |
| ) | **O P I N I O N** |
| _____ ) | |

Petition for Review from the Superior Court in Maricopa County
The Honorable Carey Snyder Hyatt, Judge

**VACATED AND REMANDED**
_____

Order of the Court of Appeals, Division One
Filed Sept. 26, 2008
_____

ANDREW P. THOMAS, MARICOPA COUNTY ATTORNEY                    Phoenix
    By   Elizabeth B. Ortiz, Deputy County Attorney
Attorneys for the State of Arizona

LAW OFFICES OF MICHAEL P. DENEA, PLC                          Phoenix
    By   Michael P. Denea
Attorney for Michael Dimetrius Schmidt
_____

**B A L E S**, Justice

¶1      Under Arizona law, those convicted of a crime are subject to longer sentences when certain aggravating factors are proved.  We hold that a court may not, consistent with due process, increase a defendant's maximum potential sentence based

solely on a so-called "catch-all" aggravator, defined as "any other factors which the court may deem appropriate to the ends of justice." Ariz. Rev. Stat. ("A.R.S.") § 13-702(D)(13) (Supp. 1991).[1]

**I.**

¶2        In April 1993, Michael Dimetrius Schmidt entered into an agreement under which he pled guilty to two of eight offenses charged in an indictment – count 4, sexual abuse and count 5, attempted sexual abuse. Each was charged as a dangerous crime against children. Consistent with the plea agreement, the court sentenced Schmidt to the presumptive term of ten years' imprisonment on count 4 and lifetime probation on count 5 and dismissed the other counts. After serving his sentence on count 4, Schmidt was released on probation. During the next two years, the probation department filed three petitions to revoke Schmidt's probation. The trial court twice reinstated probation conditioned on Schmidt serving six-month jail terms.

¶3        After a third petition was filed, the trial court revoked probation on count 5. Instead of the presumptive sentence of ten years, the court imposed an aggravated sentence

---

[1]   The legislature has amended and moved the catch-all provision since Schmidt committed his offenses. It is currently located at A.R.S. § 13-701(D)(24) (Supp. 2008), and covers "[a]ny other factor that the state alleges is relevant to the defendant's character or background or to the nature or circumstances of the crime."

2

of 12.5 years.  The court stated that it was aggravating the sentence under the catch-all provision based on Schmidt's conviction on count 4.  Schmidt petitioned for post-conviction relief, which the trial court denied.  The court of appeals denied review.

¶4      We granted review to address the recurring issue of the use of the catch-all aggravator as the sole aggravating factor to increase a defendant's maximum potential sentence.  We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution, A.R.S. section 13-4239(H) (2001), and Arizona Rule of Criminal Procedure 32.9(g).

## II.

¶5      The Due Process Clause of the Fourteenth Amendment mandates that criminal statutes not be vague.  *See Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).  Two principles underlie this key tenet.  First, citizens are entitled to fair notice of the acts the government deems worthy of punishment so they may conform their conduct to the law.  *See Rose v. Locke*, 423 U.S. 48, 50 (1975).  Second, the law must be sufficiently definite to avoid arbitrary enforcement.  *See Grayned*, 408 U.S. at 108-09 ("A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application.").  The second

3

principle is the more important of the two. *See Kolender v. Lawson*, 461 U.S. 352, 357-58 (1983); *see also United States v. Reese*, 92 U.S. 214, 221 (1875) ("It would certainly be dangerous if the legislature could set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained, and who should be set at large."). This is because "[t]he touchstone of due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998) ("Since the time of our early explanations of due process, we have understood the core of the concept to be protection against arbitrary action[.]").

### III.

¶6     In *Apprendi v. New Jersey*, the United States Supreme Court stated that "[s]ince [*In re*] *Winship*, [397 U.S. 358 (1970),] we have made clear beyond peradventure that *Winship*'s due process and associated jury protections extend, to some degree, 'to determinations that [go] not to a defendant's guilt or innocence, but simply to the length of his sentence.'" 530 U.S. 466, 484 (2000) (quoting *Almendarez-Torrez v. United States*, 523 U.S. 224, 251 (1998) (Scalia, J., dissenting)). The Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the

prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. The thrust of the *Apprendi* line of cases is that any fact that "the law makes essential to the punishment" is the "functional equivalent of an element of a greater offense," and is to be treated accordingly. *See Blakely v. Washington*, 542 U.S. 296, 303-04 (2004); *Ring v. Arizona*, 536 U.S. 584, 609 (2002).

¶7     This Court has recognized that under Arizona law, "the statutory maximum sentence for *Apprendi* purposes in a case in which no aggravating factors have been proved . . . is the presumptive sentence established" by statute. *State v. Martinez*, 210 Ariz. 578, 583 ¶ 17, 115 P.3d 618, 623 (2005). An aggravating factor that subjects a defendant to an increased statutory maximum penalty is thus the functional equivalent of an element of an aggravated offense. Because protection against arbitrary government action is the quintessence of due process, the rationale of *Apprendi* and subsequent cases requires that we assess the vagueness of the catch-all aggravator in Arizona's sentencing scheme when it alone is used to increase a defendant's maximum potential sentence.

## IV.

¶8     When Schmidt committed his offenses, the relevant statute provided that a defendant's sentence could be increased based on twelve specific aggravating factors. A.R.S. § 13-

702(D)(1)-(12) (Supp. 1991). For example, the statute identified the infliction of serious physical injury, *id.* § (D)(1), the use of a weapon, *id.* § (D)(2), and the presence of an accomplice, *id.* § (D)(4), as potential aggravating factors. In addition to the twelve listed aggravating factors, the statute included a catch-all: "Any other factors which the court may deem appropriate to the ends of justice." *Id.* § (D)(13).

¶9     The catch-all provision is patently vague. As Justice Hurwitz observed in his concurrence in *State v. Price*, "[i]t is as if the criminal code had one punishment for theft, and another for aggravated theft, the former consisting of theft simpliciter and the latter consisting of the elements of the theft plus 'anything else the court or the state may someday later find relevant.'"  217 Ariz. 182, 187 ¶ 27, 171 P.3d 1223, 1228 (2007) (Hurwitz, J., concurring); *see also Sattazhan v. Pennsylvania*, 537 U.S. 101, 112 (2003) (plurality opinion) (noting that "'murder plus one or more aggravating circumstances' is a separate offense from 'murder' simpliciter").

¶10     Use of the catch-all as the sole factor to increase a defendant's statutory maximum sentence violates due process because it gives the sentencing court virtually unlimited post hoc discretion to determine whether the defendant's prior conduct is the functional equivalent of an element of the

6

aggravated offense. *Cf. Kolender*, 461 U.S. at 358 (declaring unconstitutional statute that provided "virtually complete discretion in the hands of the police" to assess whether statute had been violated).

¶11     There is, however, an important difference between a trial court's using a catch-all aggravator to increase a defendant's maximum potential sentence versus the court's considering factors embraced by a catch-all in imposing a sentence within a properly determined maximum range. When one or more clearly enumerated aggravators are found consistent with *Apprendi*, and they allow imposition of an aggravated sentence under the relevant statutory scheme, the "elements" of the aggravated offense will have been identified with sufficient clarity to satisfy due process. Subsequent reliance on other factors embraced by a catch-all provision to justify a sentence up to the statutory maximum comports with the traditional discretionary role afforded judges in sentencing. *See Price*, 217 Ariz. at 188 n.5 ¶ 29, 171 P.3d at 1229 n.5 (Hurwitz, J., concurring) ("Because the defendant is exposed to the greater sentence because of the enumerated aggravator, the 'catch-all' in such a circumstance is simply a sentencing factor relevant to the judge's discretion in deciding what sentence to impose within the constitutionally authorized range, not a functional element of the 'aggravated crime.'"); *Martinez*, 210 Ariz. at 583

¶ 16, 115 P.3d at 623; *see also Apprendi*, 530 U.S. at 481 ("We should be clear that nothing in this history suggests that it is impermissible for judges to exercise discretion – taking into consideration various factors relating both to offense and offender – in imposing a judgment *within the range* prescribed by statute.").

**V.**

**¶12**      Because the trial court increased the length of Schmidt's sentence beyond the presumptive based solely on the catch-all aggravator, the sentence is invalid.  We therefore vacate the sentence and remand this case for resentencing in accordance with this opinion.


_____
                    W. Scott Bales, Justice

CONCURRING:


_____
Ruth V. McGregor, Chief Justice


_____
Rebecca White Berch, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice