266 P.3d 375

**STATE of Arizona, Appellee,**

v.

**Austin James BONFIGLIO, Appellant.**

**No. 1 CA–CR 10–0075.**

Court of Appeals of Arizona, Division 1, Department A.

Dec. 6, 2011.

As Amended Dec. 29, 2011.

Thomas C. Home, Arizona Attorney General By Kent E. Cattani, Chief Counsel Criminal Appeals/Capital Litigation Section And Suzanne M. Nicholls, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Stephen R. Collins, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

THOMPSON, Judge.

¶ 1 Austin James Bonfiglio (appellant) appeals his conviction and sentence on one count of aggravated assault. Because the prosecutor's conduct was not improper, and the aggravated sentence was lawful, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Richard "Jake" Mondeau hosted a birthday party at his residence. Up to seventy people attended the party, among them Shawn Moreno and several of his friends, including Kaelee Reddell. Alcohol was served at the party, and at some point a disagreement and verbal altercation ensued between Reddell and Mondeau. That argument resulted in a brawl in the front and back yards and many of the party guests became involved. Moreno testified at trial that he was involved in the fight, and was assaulted by three men he could not identify, who knocked him to the ground, kicking and beating him.

¶ 3 Upon witnessing the assault on Moreno, Reddell shouted and pushed the assailants away, allowing Moreno to escape. It was not until he escaped that Moreno realized he had been stabbed several times during the attack. Reddell accompanied Moreno to the emergency room.

¶ 4 As the fight broke up, appellant went into the garage of the house where Mondeau and other party guests discussed what had occurred. One party guest, Christopher Habeeb, testified at trial that appellant claimed he stabbed someone during the fight. Police came to the residence and later arrested appellant.

¶ 5 The state charged appellant with one count of aggravated assault, a class 3 dangerous felony. At trial, Reddell testified that appellant was one of Moreno's assailants, that she identified appellant in a line up the next day, but that she never saw anyone stab

Moreno. Additionally, transcripts of jail calls between appellant and Mondeau were admitted into evidence. The transcripts revealed appellant's statement that if Habeeb intended to testify, appellant would have friends "make a visit" and "slow him down." During closing argument, the prosecutor rebutted appellant's claim that the case relied on Habeeb's testimony alone, stating:

> You heard his telephone conversations, which is a good explanation of why there aren't more people here to tell us about that night. You heard how hard he was trying to keep Christopher Habeeb from coming. Ladies and gentlemen he did this where he thought he could get away with it.

¶ 6 The jury found appellant guilty of aggravated assault. The jury also found one aggravating factor, that he "had the ability to walk away from the confrontation." Prior to sentencing, appellant admitted to two previous felonies committed in 2007.[1]

¶ 7 At sentencing, the trial court stated as follows:

> [A]t this point, you have already admitted at a trial on the priors, two prior felony convictions. The court is cognizant of the record previously made on that date, given that, the court will sentence you under a range provided by the statute for two historical priors for a class three felony under the non dangerous categories, [section] 13–702.
>
> With that, I am cognizant of the facts that because you were on probation at the time of the offense which was also resolved at trial on the priors, that the minimum you can receive is the presumptive which is a [sic] 11.25 years.
>
> However, as I stated, the court has considered the one aggravating factor the jury found. I have considered all of the information that has been presented and this court does find it appropriate to order that you serve a term of 13 years, a slightly

---

1. Appellant had been previously convicted of aggravated assault with a deadly weapon or dangerous instrument, a class 3 felony, committed on July 23, 2007, and aggravated driving under the influence, a class 4 felony, committed on October 30, 2007. The state alleged these priors shortly after the complaint was filed against appellant.

aggravated term in the Department of Corrections.

Appellant received 208 days of presentence incarceration credit.

¶ 8 Appellant timely appealed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) § 12–120.21 (2003).

## II. DISCUSSION

¶ 9 Appellant raises two issues on appeal. First, he claims that the prosecutor's statement regarding the absence of witnesses constituted improper vouching and thus reversible error. Second, appellant argues that the trial court's use of the aggravating factor found by the jury to impose an aggravated sentence was improper.

### A. Prosecutorial Misconduct

¶ 10 Appellant argues that the comments made by the state during its rebuttal closing argument constituted prosecutorial misconduct and deprived him of a fair trial and due process. Specifically, appellant argues that the prosecutor's comment that the transcript of jail calls was "a good explanation of why there aren't more people here to tell us about that night" amounted to improper vouching because it suggested that additional unrevealed testimony supported a guilty verdict.

¶ 11 We "will reverse a conviction for prosecutorial misconduct if (1) misconduct is indeed present; and (2) a reasonable likelihood exists that the misconduct could have affected the jury's verdict, thereby denying [the] defendant a fair trial." *State v. Gallardo*, 225 Ariz. 560, 568, ¶ 34, 242 P.3d 159, 167 (2010) (quoting *State v. Velazquez*, 216 Ariz. 300, 311, ¶ 45, 166 P.3d 91, 102 (2007)). The appellant must show that the offending statements were "so pronounced and persistent" that they "permeate[d] the entire atmosphere of the trial" and "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *State v.*

*Morris*, 215 Ariz. 324, 335, ¶ 46, 160 P.3d 203, 214 (2007).

¶ 12 The prosecutor's statement did not indicate that additional unrevealed evidence supported a guilty verdict; rather, it called on the jury to draw a reasonable inference from the evidence presented at trial. That evidence included information about another person present at the party, Matt Cercone. Chris Habeeb stated in his direct testimony that after the fight broke up, everybody went their own way, and later appellant came up to speak to Habeeb. According to Habeeb, appellant said he had been "talking to Matt in the corner," and then stated "I stabbed someone." Habeeb then volunteered without objection that "[t]he next day Matt Cercone said that he [appellant] said the same thing to me." On cross examination, Habeeb later testified again that appellant had told him "I just stabbed the guy." In response to defense counsel's question, "[A]nyone else say anything to you about that?," Habeeb responded "Oh, Matt Cercone ... said something about it." In the various jail calls, appellant told Mondeau that certain witnesses needed to be contacted, including Habeeb and a person named Fabio. Mondeau said "I'll see if I can get a hold of some people." Later, Mondeau told appellant he had "talked to everyone." A subsequent conversation went as follows:

> A [appellant]—What about Chris, has he said anything, have you talked to him?
> J [Mondeau]—I don't know, He hasn't talked to anybody.
> A—No, has he talked, no one's talked to him yet J–What's that?
> A—No one has talked to him yet?
> J—Who, Cercone? A–Nah, McCoy [Habeeb].

Matt Cercone did not testify at trial.

¶ 13 Although the prosecutor's challenged statement is supported by his personal knowledge of matters not in the record,[2] it was also a permissible inference from evidence in the record. It was not impermissible for the state to suggest, in response to

---

2. The prosecutor advised the presentence investigator "that Matthew Cercone though personally served with a subpoena and properly noticed by the State, would not testify because he was afraid of what the defendant and his friends might do to his children."

the argument of defense counsel that it is not credible that Habeeb alone would have heard the confession from appellant when others were present nearby,[3] that the jail calls offer an explanation as to why other party attendees were not available to testify as to what occurred on the night of the stabbing or to what appellant said he had done.

¶ 14 Therefore, for the prosecutor to suggest that appellant's threat to "slow down" a witness who intended to testify might make others reluctant to do the same was permissible. *See State v. Bible*, 175 Ariz. 549, 602, 858 P.2d 1152, 1205 (1993) ("[D]uring closing arguments counsel may summarize the evidence, make submittals to the jury, urge the jury to draw reasonable inferences from the evidence, and suggest ultimate conclusions."). The evidence also supports an inference that appellant, with Mondeau as his agent, contacted Cercone to persuade him not to appear at trial. Further, the state reiterated that ultimately it is the responsibility of the jury to determine the credibility of witnesses, including Habeeb. Thus, we hold the prosecutor's statement did not constitute improper vouching.

### B. Aggravated Sentence

¶ 15 Next, appellant argues that the trial court erred in assertedly using an element of the crime to aggravate his sentence. Specifically, he contends that because an aggravated assault conviction required that he act "knowingly," aggravating the sentence because "[appellant] had the ability to walk away from the confrontation" constitutes double punishment in violation of A.R.S. § 13–116 (2010). Appellant argues he is entitled to the presumptive sentence. The state's position is that the record is unclear as to which aggravating factors the trial court relied on when sentencing appellant, and therefore requests that we vacate appellant's sentence and remand to the trial court for re-sentencing.

¶ 16 First, we address the propriety of the jury's finding as an aggravator that

appellant could have walked away from the confrontation. Appellant argues that the use of this aggravator constitutes double punishment because the aggravator "was just a different way of stating that the assault was done intentionally, which was already an element of the crime." In this case, the jury was instructed that the crime of aggravated assault requires proof that appellant "intentionally, knowingly, or recklessly" committed the crime. Thus, to commit the crime of aggravated assault, at a minimum, the person must act recklessly.

¶ 17 Conduct which makes up an element of the underlying crime can only be considered as a "catch-all" aggravating factor (see below) "where the degree of misconduct is higher than that requisite to commit the crime." *State v. Harvey*, 193 Ariz. 472, 476, ¶ 16, 974 P.2d 451, 455 (App.1998). In *Harvey*, the defendant was charged with second-degree murder, but was convicted of the lesser-included offense of negligent homicide. 193 Ariz. at 474–75, 974 P.2d at 453–54. One aggravating factor the *Harvey* court found was that "defendant approached the [victim's] vehicle when he could have walked away." The court told Harvey that "you approached the vehicle with the loaded gun in the parking lot, that you had plenty of opportunity to walk away from the situation and you decided not to walk away." Instead, Harvey shot the victim in the vehicle. *Id.* at 474, ¶ 5, 974 P.2d at 453. On appeal, this court held that the aggravating circumstance was proper because it focused on "the deliberate quality of the killer's actions," and thus, "the degree of misconduct [was] higher than that requisite to commit the crime." *Id.* at 475–76, ¶ 12, ¶ 16, 974 P.2d at 454–55 (citing *State v. Tinajero*, 188 Ariz. 350, 357, 935 P.2d 928, 935 (App.1997)).

¶ 18 Here, similar to the *Harvey* defendant, appellant could have walked away from the confrontation rather than engage in the fight, kicking and stabbing the victim. Aggravated assault requires at least recklessness. *See* A.R.S. §§ 13–1203(A)(1), –

---

3. Defense counsel, at trial, argued that the State's case amounted to "one person that said they heard something." He attacked Habeeb's statement that defendant said he stabbed the

victim, asking "If he says it, where are the rest of them? Someone had to hear something ... But you just have Dancer Boy [Habeeb]."

**354**

1204(A)(2) (2010). Appellant, however, acted deliberately and intentionally when he stabbed the victim multiple times. We conclude that appellant's misconduct sufficiently "rises to a level beyond that which is merely necessary to establish an element of the underlying crime." *See State v. Germain,* 150 Ariz. 287, 290, 723 P.2d 105, 108 (App.1986). Thus, this aggravator was proper and does not constitute double punishment.

¶ 19 The jury's finding that appellant could have walked away from the confrontation, as appellant points out, is not an enumerated aggravating factor. Accordingly, it is classified as a "catch-all" factor under the statute. *See* A.R.S. § 13–701(D)(24) (2010) [4] (allowing the trier of fact to find as an aggravating factor "any other factor that the state alleges is relevant to the defendant's character or background or to the nature or circumstances of the crime"). We recognize that pursuant to our supreme court's decision in *State v. Schmidt,* 220 Ariz. 563, 208 P.3d 214 (2009), the trial court would have been prohibited from sentencing appellant to an aggravated prison term based *solely* on this catch-all factor. 220 Ariz. at 566, ¶ 10, 208 P.3d at 217 (holding an aggravated sentence based solely on the "catch-all" provision of § 13–701(D)(24) violates due process).

¶ 20 The rationale underlying the *Schmidt* holding is that under the Sixth Amendment to the United States Constitution, a defendant has a constitutional right to a jury trial with notice and due process. U.S. Const. amend. VI. This right, as developed by the U.S. Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and subsequent cases, requires that a jury find beyond a reasonable doubt all the facts "which the law makes essential to the punishment." *Blakely v. Washington,* 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (quoting 1 J. Bishop, *Criminal Procedure* § 87, at 55 (2d. ed. 1872)). The Supreme Court reasoned, "[w]hen a judge inflicts pun-

ishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' and the judge exceeds his proper authority." *Id.* (citations omitted). In Arizona, "the statutory maximum sentence for *Apprendi* purposes in a case in which no aggravating factors have been proved to a jury beyond a reasonable doubt is the presumptive sentence established [by statute]." *State v. Martinez,* 210 Ariz. 578, ¶ 17, 115 P.3d 618, 623 (2005).

¶ 21 The use of a prior felony conviction to aggravate a sentence, however, is exempt from the *Blakely* jury trial principle. *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt."); *State v. Keith,* 211 Ariz. 436, 437, ¶ 3, 122 P.3d 229, 230 (App.2005) ("*Apprendi* [and *Blakely*] expressly exempt[ ] prior convictions from the requirement of a jury trial"). A trial court may use the same convictions to enhance or increase the sentencing range and to aggravate a defendant's sentence within the enhanced range. *State v. LeMaster,* 137 Ariz. 159, 166, 669 P.2d 592, 599 (App.1983) ("double punishment principles do not preclude the trial court from using the prior conviction to impose an enhanced sentence ... and to find aggravating circumstances"); *State v. Ritacca,* 169 Ariz. 401, 403, 819 P.2d 987, 989 (App.1991) (trial court may use prior convictions to both enhance and aggravate a sentence).

¶ 22 In this case, appellant was on probation when he committed the new offense and had two historical prior felony convictions. Whether or not appellant's probationary status is considered a "catch all" factor under § 13–701(D)(24), a prior felony conviction is an aggravating factor explicitly enumerated in subsection (D)(11) of § 13–

---

4. Since appellant was sentenced, the relevant sentencing statute, A.R.S. § 13–702, was amended and renumbered to A.R.S. § 13–701. *See* 2008 Ariz. Sess. Laws, ch. 301, §§ 1–120. Additionally, the dangerous and repetitive offenders statute, A.R.S. § 13–604, was amended and re-

numbered into two different statutes, A.R.S. §§ 13–703 for repetitive offenders, and –704 for dangerous offenders. Because the revisions to the applicable statutes at the time of appellant's crime are not material to our analysis, we refer to the current statutes for ease of reference.

701. The latter statute directs that a prior felony conviction "shall" be determined by the judge. A.R.S. § 13–701(D). Thus, appellant's prior convictions committed in 2007 qualify as proper aggravating factors, and the trial court was *required* to consider them in determining whether to aggravate appellant's sentence. A.R.S. § 13–701(D)(11); *see also State v. Estrada,* 210 Ariz. 111, 114, ¶ 11, 108 P.3d 261, 264 (App.2005) (because defendant's convictions occurred within ten years preceding the date of the current offense, the court "was *required* to consider them as aggravating factors"). A judicial determination of a prior conviction constitutes an aggravating circumstance which, without the need for any additional jury findings, exposes the defendant to the maximum term of imprisonment authorized by A.R.S. § 13–703, which sets the sentencing range for repetitive offenders. *Estrada,* 210 Ariz. at 114, ¶ 13, 108 P.3d at 264. Judge Campbell explained in *Van Norman v. Schriro,* 616 F.Supp.2d 939 (Dist.Ariz.2007) as follows:

> [T]he trial court properly considered [defendant's] prior convictions as an aggravating circumstance that increased the maximum allowable sentence under *Blakely.* Once the new maximum was established, the court was free to consider [other] aggravating circumstances ... in deciding where to sentence [defendant] within the new maximum range.

616 F.Supp.2d at 944. Our Supreme Court used this formulation:

> Under A.R.S. § 13–702, the existence of a single aggravating factor exposes a defendant to an aggravated sentence. Therefore, once a jury finds or a defendant admits a single aggravating factor, the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statute.

*Martinez,* 210 Ariz. at 585, ¶ 26, 115 P.3d at 625.

¶ 23 We recognize that this analysis conflicts with the recent holding from Division Two of this court in *State v. Zinsmeyer,* 222 Ariz. 612, 218 P.3d 1069 (App.2009). In *Zinsmeyer,* the panel vacated defendant's sentence and remanded for resentencing on the basis that the trial court failed to specifically state which factors it considered when aggravating defendant's sentence. *Id.* at 622, ¶ 23, 218 P.3d at 1079. Similar to defendant here, the *Zinsmeyer* defendant had a prior conviction and committed the current offenses while on probation. *Id.* at 621, ¶ 20, 218 P.3d at 1078. The court stated that "[a]lthough its minute entry lists [defendant's] prior felony conviction as a 'circumstance' relevant to his sentence, the [trial] court did not cite his prior conviction as an aggravating factor." *Id.* at 622, ¶ 23, 218 P.3d at 1079. Having concluded the trial court did not rely on the defendant's prior convictions to aggravate the sentence, "although [it] could have," the court held that the imposed sentence constituted fundamental error. *Id.* at 622–23, ¶¶ 23–26, 218 P.3d at 1079–80.

¶ 24 We disagree with the *Zinsmeyer* rationale and find no reason to vacate appellant's sentence and remand for resentencing under the circumstances. Because the trial court found that appellant had two historical prior felony convictions, appellant was exposed to the maximum sentence authorized by the applicable sentencing statute for repetitive offenders, whether or not the court expressly stated that it had used the criminal history to aggravate the sentence. The fact alone of appellant's prior felony convictions automatically exposed appellant to a sentencing range above the presumptive sentence, and the trial court was required to consider those convictions as an aggravating factor. A.R.S. § 13–701(D)(11). Accordingly, appellant's rights to due process, notice, and a jury trial were not violated; no additional facts beyond those established in the record were necessary to support the aggravated sentence imposed in this case. *See Estrada,* 210 Ariz. at 114, ¶ 11, 108 P.3d at 264. Appellant's sentence was within the authorized range and there was no error in imposing the aggravated sentence.

## III. CONCLUSION

¶ 25 Appellant's conviction and sentence is affirmed.

356

CONCURRING: PHILIP HALL, Presiding Judge, and LAWRENCE F. WINTHROP, Judge.