SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| STATE OF ARIZONA, | ) Arizona Supreme Court |
| | ) No. CR-12-0018-PR |
| Appellee, | ) |
| | ) Court of Appeals |
| v. | ) Division One |
| | ) No. 1 CA-CR 10-0075 |
| AUSTIN JAMES BONFIGLIO, | ) |
| | ) Maricopa County |
| Appellant. | ) Superior Court |
| | ) No. CR2009-122982-001 |
| | ) |
| | ) |
| | ) **O P I N I O N** |
| | ) |

Appeal from the Superior Court in Maricopa County
The Honorable Lisa Ann VandenBerg, Commissioner

**AFFIRMED**

_____

Opinion of the Court of Appeals, Division One
228 Ariz. 349, 266 P.3d 375 (App. 2011)

**AFFIRMED**

_____


THOMAS C. HORNE, ARIZONA ATTORNEY GENERAL                    Phoenix
     By    Kent E. Cattani, Chief Counsel,
           Criminal Appeals/Capital Litigation
           Angela Corinne Kebric, Assistant Attorney General
           Joseph T. Maziarz, Assistant Attorney General
Attorneys for State of Arizona

JAMES J. HAAS, MARICOPA COUNTY PUBLIC DEFENDER               Phoenix
     By    Tennie B. Martin, Deputy Public Defender
           Mikel P. Steinfeld, Deputy Public Defender
Attorneys for Austin James Bonfiglio

_____


- 1 -

**B R U T I N E L**, Justice

¶1    A court must set forth on the record at sentencing one of the specific statutory aggravating factors enumerated in A.R.S. § 13-701(D)(1)-(23) before it may impose an aggravated sentence.  We hold that once the court identifies one of these factors, it may rely on the "catch-all" aggravator provision in § 13-701(D)(24) to increase the sentence even if the court does not expressly use the specific statutory aggravator as a basis for increasing the sentence.

## I.

¶2    On November 25, 2009, a jury found Austin James Bonfiglio guilty of aggravated assault, a class 3 dangerous felony.  As an aggravating factor, the jury found that Bonfiglio "had the ability to walk away from the confrontation," but had not done so.

¶3    Before sentencing, Bonfiglio admitted two prior felony convictions, a specific statutory aggravating factor under § 13-701(D)(11).  At sentencing, the trial court acknowledged Bonfiglio's prior convictions and also noted that he was on probation when the offense occurred.  The court recognized on the record that Bonfiglio's prior convictions subjected him to an enhanced sentence range:

> [A]t this point, you have already admitted at a trial on the priors, two prior felony convictions.  The court is cognizant of the record previously made on

that date[;] given that, the court will sentence you under a range provided by the statute for two historical priors for a class three felony under the non[-]dangerous categories, [§] 13-702.

The trial court then imposed an aggravated sentence, stating:

> With that, I am cognizant of the facts [sic] that because you were on probation at the time of the offense which was also resolved at trial on the priors, that the minimum you can receive is the presumptive which is a [sic] 11.25 years.
>
> However, as I stated, the court has considered the one aggravating factor the jury found. I have considered all of the information that has been presented and this court does find it appropriate to order that you serve a term of 13 years, a slightly aggravated term[,] in the Department of Corrections.

¶4        Bonfiglio appealed, arguing that the trial court's use of the "catch-all" aggravating factor found by the jury was improper. *State v. Bonfiglio*, 228 Ariz. 349, 352 ¶ 9, 266 P.3d 375, 378 (App. 2011). The court of appeals affirmed Bonfiglio's conviction and sentence. *Id.* at 355 ¶ 24, 266 P.3d at 381.

¶5        The court recognized that the jury-found aggravator was a "catch-all" aggravator because it was not specifically statutorily enumerated, *id.* at 354 ¶ 19, 266 P.3d at 380, and as such, could not serve as the sole basis for imposing an aggravated sentence, *id.* (citing *State v. Schmidt*, 220 Ariz. 563, 566 ¶ 10, 208 P.3d 214, 217 (2009)). The court noted, however, that the trial court was required to consider the prior felony convictions as an aggravating circumstance and to

sentence Bonfiglio under the range for a repetitive offender. *Id.* at 354–55 ¶¶ 22, 24, 266 P.3d at 380–81 (citing A.R.S. § 13–701(D)). The court concluded that the prior convictions "exposed [Bonfiglio] to the maximum sentence authorized by the applicable sentencing statute for repetitive offenders, whether or not the [trial] court expressly stated that it had used the criminal history to aggravate the sentence." *Id.* at 355 ¶ 24, 266 P.3d at 381. As a result, the court of appeals determined that the trial court's use of the "catch-all" aggravator was not error. *Id.*

¶6     The court expressly disagreed with *State v. Zinsmeyer*, 222 Ariz. 612, 218 P.3d 1069 (App. 2009). *Bonfiglio*, 228 Ariz. at 355 ¶ 23, 266 P.3d at 381. In *Zinsmeyer*, the court of appeals vacated an aggravated sentence and remanded for resentencing because the trial court did not rely on the defendant's prior felony conviction as an aggravator, although the prior conviction was used to enhance the sentence. 222 Ariz. at 621–23 ¶¶ 20–26, 218 P.3d at 1078–80. Because the only aggravating factor cited was a "catch-all" factor, *Zinsmeyer* concluded that the aggravated sentence was "illegal," and therefore constituted fundamental, prejudicial error. *Id.* ¶¶ 24–26.

¶7     We granted review to answer a question of statewide importance and to resolve the conflict in the court of appeals'

opinions. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

**II.**

¶8 A trial court may impose a maximum prison term only if one or more statutory aggravating circumstances are found or admitted. A.R.S. § 13-701(C). Section 13-701(D) lists twenty-three enumerated aggravating factors, including prior felony convictions, § 13-701(D)(11), and one "catch-all" aggravator, § 13-701(D)(24), which permits the trier of fact to consider "[a]ny other factor that the state alleges is relevant to the defendant's character or background or to the nature or circumstances of the crime."

¶9 We have held that an aggravated sentence based solely on the "catch-all" aggravator violates due process because that aggravator is "patently vague."[1] *Schmidt*, 220 Ariz. at 566 ¶¶ 9-10, 208 P.3d at 217. But *Schmidt* permits use of the "catch-all" aggravator in sentencing "[w]hen one or more clearly enumerated aggravators are found consistent with *Apprendi*." *Id.* ¶ 11 (referencing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). In that event, "the 'elements' of the aggravated offense will have

---

[1] *Schmidt* interpreted an older version of the "catch-all" aggravator, which stated "any other factors which the court may deem appropriate to the ends of justice." 220 Ariz. at 564 ¶ 1, 208 P.3d at 215 (quoting A.R.S. § 13-702(D)(13)). Neither party argues that the change in the statute warrants a different resolution than that reached in *Schmidt*.

been identified with sufficient clarity to satisfy due process." *Id.*

**¶10**      *Schmidt* does not require a trial court to state that it relied on one of the specifically enumerated factors to aggravate a defendant's sentence in order to use the "catch-all" aggravator.  Rather, *Schmidt* permits a trial court to use a "catch-all" aggravator to impose a sentence up to the statutory maximum as long as a properly found specifically enumerated aggravating factor made the defendant eligible for a sentence greater than the presumptive.  *See State v. Carreon*, 211 Ariz. 32, 33 ¶¶ 6-7, 116 P.3d 1192, 1193 (2005) (finding of historical prior convictions alone exposed the defendant to an aggravated sentence); *State v. Martinez*, 210 Ariz. 578, 584-86 ¶¶ 21, 27, 115 P.3d 618, 624-26 (2005) (finding of a "single aggravating factor establishes the facts legally essential to expose the defendant" to an aggravated sentence).

**¶11**      In this case, the trial court stated on the record that it used the prior convictions to sentence Bonfiglio as a repetitive offender.  *See State v. Ritacca*, 169 Ariz. 401, 403, 819 P.2d 987, 989 (App. 1991) (holding that a trial court may use prior convictions to enhance and aggravate a sentence). This finding on the record satisfies *Schmidt*.  With due process concerns allayed, the judge could rely on the jury's finding of the "catch-all" factor.

¶12     *State v. Harrison*, 195 Ariz. 1, 985 P.2d 486 (1999), does not compel a different result.  In *Harrison*, we noted that § 13-701(C) requires the judge to set forth factual findings supporting aggravating circumstances "on the record at the time of sentencing."  *Id.* at 3 ¶ 6, 985 P.2d at 488 (discussing § 13-702(B), now renumbered as § 13-701(C)).  We did not require trial judges to recite a "specific litany" or make "formal findings or conclusions."  *Id.* at 4 ¶ 12, 985 P.2d at 489.  Rather, *Harrison* simply required that the sentencing transcript identify the court's reasons for imposing an aggravated sentence.  *Id.* ¶ 13.

¶13     The trial court here complied with § 13-701(C) and *Harrison*.  The court found on the record Bonfiglio's prior convictions, qualifying him for an aggravated sentence.  The way was thus appropriately paved for the court to consider the "catch-all" aggravator, which was also plainly found in the sentencing transcript.

¶14     Given the confusion that gave rise to this case, however, *Harrison*'s instruction is worth emphasizing.  Trial courts should clearly "articulat[e] at sentencing the factors the judge considered to be aggravating or mitigating and explain[] how th[ose] factors led to the sentence[] imposed."  *Id.* ¶ 12.  A statement that the prior conviction was a prerequisite for an aggravated sentence, even if the court did

not rely upon it as its reason for aggravating the sentence, will inform the defendant of the court's rationale for imposing the sentence and, as expressed in *Harrison*, will "enable an appellate court to determine whether the trial judge has correctly considered the specific aggravating or mitigating circumstances." *Id.* ¶ 11.

## III.

**¶15**      We conclude that the trial court did not err in using the "catch-all" aggravator as a basis for imposing an aggravated sentence once the court found a specifically enumerated aggravating factor. Accordingly, we overrule *Zinsmeyer* to the extent it is inconsistent with this opinion. We affirm Bonfiglio's sentence and affirm the opinion of the court of appeals.


_____
                Robert M. Brutinel, Justice

CONCURRING:


_____
Rebecca White Berch, Chief Justice


_____
Scott Bales, Vice Chief Justice


_____
A. John Pelander, Justice

_____
Peter J. Cahill, Judge*


* Pursuant to Article 6, Section 3 of the Arizona Constitution, the Honorable Peter J. Cahill, Presiding Judge of the Superior Court in Gila County, was designated to sit in this matter.