NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

HUNTER JAMES TURNER, *Petitioner*.

No. 1 CA-CR 13-0600 PRPC
FILED 3-31-2015

Petition for Review from the Superior Court in Maricopa County
No. CR2003-023208-001
CR2004-005904-001
The Honorable Dawn M. Bergin, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Hunter James Turner, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Peter B. Swann joined.

---

**W I N T H R O P**, Judge:

**¶1**         Petitioner, Hunter James Turner ("Turner"), seeks review of the trial court's order dismissing his petition for post-conviction relief. After considering the petition for review, we grant review and deny relief for the reasons stated below.

**¶2**         In 2004, Turner pled guilty to fraudulent schemes and artifices, and the trial court sentenced him to an aggravated term of fourteen years' imprisonment.[1] Turner now seeks review of the summary dismissal of his first untimely petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.9(c).

**¶3**         Turner argues the trial court must resentence him pursuant to *Blakely v. Washington*, 542 U.S. 296, 301 (2004), because the trial court, rather than a jury, determined the existence of aggravating factors for sentencing purposes. Turner further argues his trial counsel was ineffective because counsel failed to inform Turner about the *Blakely* decision after sentencing. The trial court sentenced Turner on May 14, 2004. The Supreme Court decided *Blakely* forty-one days later - on June 24, 2004. *Id*. This was within the ninety-day period Turner had to initiate an "of-right" post-conviction relief proceeding. *See* Ariz. R. Crim. P. 32.4(a).

**¶4**         We deny relief. First, Turner waited more than eight years after the *Blakely* decision to file his first notice of post-conviction relief. Although Turner argues the failure to present these claims in 2004 was not his fault because he was not familiar with *Blakely* until 2012, lack of

---

[1]     The minute entry that dismissed the post-conviction relief proceedings also addressed a second case, in which Turner pled guilty to theft. Turner's petition for review, however, identifies only the fraudulent schemes and artifices case and presents issues only in the context of that case. Therefore, we address only the fraudulent schemes and artifices case.

familiarity with the applicable law is not sufficient to present a colorable claim for relief pursuant to Rules 32.1(f) and 32.2(b).

**¶5** Second, when the trial court sentenced Turner, the court found Turner had a prior felony conviction for purposes of sentence enhancement. A trial court may determine the existence of prior convictions for sentencing purposes. *See Blakely*, 542 U.S. at 301. Once the court determined the existence of the prior conviction, the court could then find and consider other aggravating factors in its determination of the appropriate sentence to impose. *See State v. Martinez*, 210 Ariz. 578, 585, ¶ 26, 115 P.3d 618, 625 (2005). This is true even though the court considered the prior conviction only for purposes of sentence *enhancement* and did not also consider that circumstance for purposes of sentence *aggravation*. *See State v. Bonfiglio*, 231 Ariz. 371, 373-74, ¶¶ 10-11, 295 P.3d 948, 950-51 (2013).[2] Turner's ineffective assistance of counsel claim fails for the same reason.

**¶6** Although the petition for review arguably presents additional issues, Turner did not raise those issues in the petition for post-conviction relief he filed below. A petition for review may not present issues not first presented to the trial court. *See State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988), *approved as modified by* 164 Ariz. 485, 493, 794 P.2d 118, 126 (1990); *State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (App. 1980); Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶7** For the above reasons, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[2] Although this is not one of the grounds upon which the trial court dismissed the petition, we may affirm a result on any basis supported by the record. *See State v. Robinson*, 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987).