NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RONALD GENE FRITZ, *Petitioner*.

No. 1 CA-CR 14-0829 PRPC
FILED 10-18-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2011-103352-001 DT
The Honorable Roger E. Brodman, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Karen B. Kemper
*Counsel for Respondent*

Office of the Legal Advocate, Phoenix
By Frances J. Gray
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Chief Judge Michael J. Brown joined.

---

**W I N T H R O P**, Judge:

**¶1**　　　　Petitioner, Ronald Gene Fritz, petitions this court for review of the summary dismissal of his petition for post-conviction relief.  Fritz pled guilty to sexual exploitation of a minor, attempted sexual exploitation of a minor, and failure to register as a sex offender after investigators found more than 4000 still images and videos of child pornography on his computer.  The trial court sentenced Fritz to an aggravated term of twenty years' imprisonment for sexual exploitation of a minor and placed him on lifetime probation for the other counts.  The twenty-year sentence was the minimum sentence available under the plea agreement.

**¶2**　　　　Fritz argues (1) there was an insufficient factual basis to support his convictions for sexual exploitation of a minor and attempted sexual exploitation of a minor, (2) his plea was not knowing, voluntary, and intelligent because he was misinformed about the effect of a prior conviction, (3) the trial court could not impose an aggravated sentence, (4) he did not waive his right to have a jury determine the existence of aggravating circumstances for sentencing purposes, and (5) his counsel was ineffective.

**¶3**　　　　We deny relief.  With the exception discussed below, the trial court dismissed Fritz's petition in an order that clearly identified and correctly ruled upon each issue Fritz raised.  Further, the court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's ruling.  Under these circumstances, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1993).  Therefore, with the exception discussed below, we adopt the trial court's ruling.

**¶4**　　　　Regarding his prison sentence, Fritz argues that, despite the terms of the plea agreement, the trial court could not impose an aggravated sentence because the court did not first find the existence of an aggravating circumstance identified in Arizona Revised Statutes ("A.R.S.") section 13-

701(D) (2010). The trial court found Fritz's prior conviction for attempted molestation of a child, his multiple offenses,[1] and the number of images on his computer were all aggravating circumstances for sentencing purposes. None of these are statutorily enumerated aggravating circumstances. *See* A.R.S. § 13-701(D). All fall under the so-called "catch-all" provision of A.R.S. § 13-701(D)(24) (allowing the court to consider any other factor the State alleges is relevant to sentencing).[2] A trial court may not impose an aggravated sentence based solely on the existence of aggravating factors encompassed by the "catch-all" provision. *State v. Schmidt*, 220 Ariz. 563, 566, ¶ 10, 208 P.3d 214, 217 (2009). A court may rely upon the existence of a "catch-all" factor only after the court finds at least one specific, statutorily enumerated aggravating factor. *Id.* at ¶ 11.

¶5        We deny relief on this issue because the evils that *Schmidt* addressed are not present here. *Schmidt* addressed a violation of due process. "[The] protection against arbitrary government action is the quintessence of due process . . . ." *Id.* at ¶ 7. The imposition of an aggravated sentence based solely on the existence of a "catch-all" aggravating circumstance "violates due process because it gives the sentencing court virtually unlimited post hoc discretion to determine whether the defendant's prior conduct is the functional equivalent of an element of the aggravated offense." *Id.* at ¶ 10 (citation omitted). There is no due process concern here because the trial court did not have "unlimited post hoc discretion" to determine whether Fritz's conduct was "the functional equivalent of an element of the aggravated offense," nor could the court otherwise act arbitrarily. When Fritz negotiated the imposition of an aggravated sentence as a term of his plea, Fritz acknowledged his conduct was "the functional equivalent of an element of the aggravated offense" and that his conduct merited nothing less than an aggravated sentence. Fritz then actively sought the imposition of a twenty-year, aggravated sentence–the minimum available pursuant to the plea. Fritz took away the court's discretion to impose anything but an aggravated sentence pursuant to the plea, absent outright rejection of the plea. Therefore, due process was satisfied, and the court could impose an

---

[1]        The State charged Fritz with eight additional sexual offenses in this case, all of which the court dismissed as part of the plea agreement.

[2]        Fritz's prior felony conviction did not qualify as an aggravating circumstance under A.R.S. § 13-701(D)(11) because it was more than ten years old.

aggravated sentence based solely on the existence of "catch-all" aggravating circumstances.[3]

**¶6**          For the preceding reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[3]          Although this is not a ground upon which the trial court dismissed this issue, we may affirm a result on any basis supported by the record. *State v. Robinson*, 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987).