NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

GARRETT JAMES HILL, *Petitioner*.

No. 1 CA-CR 19-0011 PRPC
FILED 5-21-2019

---

Appeal from the Superior Court in Mohave County
No. S8015CR201500494
The Honorable Billy K. Sipe Jr., Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

DM Cantor, Phoenix
By Christine Whalin
*Counsel for Petitioner*

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge Peter B. Swann joined.

---

**M c M U R D I E**, Judge:

¶1          Petitioner Garrett James Hill petitions this court for review of the dismissal of his petition for post-conviction relief under Arizona Rule of Criminal Procedure 32. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

### FACTS AND PROCEDURAL BACKGROUND

¶2          In May 2015, Hill was indicted on five felony counts: four counts of sexual conduct with a minor under the age of 15 and one count of sexual conduct with a minor under the age of 18. In January 2016, Hill pled guilty to one count of attempted sexual conduct with a minor under the age of fifteen, a class 3 felony and a dangerous crime against children. Under the terms of the plea agreement, the State would dismiss the remaining four counts. The superior court accepted the plea agreement and sentenced Hill to the presumptive term of ten years' imprisonment, to be followed by 18 months of community supervision.

¶3          In June 2016, Hill timely filed his first petition for post-conviction relief, alleging his *Miranda*[1] rights were violated, the police seized his toothbrush in violation of his Fourth Amendment rights, and his counsel's failure to assert these arguments constituted ineffective assistance of counsel. The superior court denied relief, finding there was no custodial interrogation for purposes of *Miranda* and there was consent for the search and seizure of his toothbrush. Therefore, the superior court found there was no ineffective assistance of counsel.

¶4          Hill filed a second petition for post-conviction relief in August 2018. Hill argued his "of-right" post-conviction counsel was ineffective because counsel did not challenge the superior court's use of the "catch-all" provision of Arizona Revised Statutes ("A.R.S.") § 13-701(D)(26) to find aggravating circumstances in his sentencing. The superior court found Hill

---

[1]          *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

failed to raise a colorable claim for post-conviction relief, denied relief, and dismissed the Rule 32 proceeding. Hill now seeks review of the court's dismissal of his post-conviction relief proceeding. We have jurisdiction under A.R.S. § 13-4239(C) and Arizona Rule of Criminal Procedure 32.9(c).

## DISCUSSION

**¶5** It is Hill's burden to show that the superior court abused its discretion by denying his petition for post-conviction relief. *See State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012); *State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011) (petitioner has the burden of establishing an abuse of discretion on review).

**¶6** Hill argues the superior court abused its discretion by summarily dismissing his claim of ineffective assistance of post-conviction counsel. Hill maintains his of-right post-conviction counsel was ineffective because he failed to challenge the superior court's reliance on the "catch-all" provision of A.R.S. § 13-701(D)(26) to sentence him to the presumptive sentence. We disagree.

**¶7** To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006). To show prejudice, the defendant must demonstrate that the deficient performance raises a reasonable probability that the outcome would have been different. *State v. Febles*, 210 Ariz. 589, 595–96, ¶ 18 (App. 2005). When a defendant fails to show the alleged ineffective assistance of counsel caused prejudice, we do not need to address the performance of counsel. *See State v. Salazar*, 146 Ariz. 540, 543 (1985).

**¶8** Hill's claim fails to meet the *Strickland* standard. As discussed below, the superior court did not improperly rely on the catch-all provision to impose an aggravated sentence. Therefore, Hill's post-conviction counsel's failure to raise that claim in the first PCR petition did not cause Hill to suffer any prejudice.

**¶9** The statutory maximum sentence a defendant may receive upon conviction is the presumptive sentence. *State v. Schmidt*, 220 Ariz. 563, 565, ¶ 7 (2009). To increase a sentence above the presumptive sentence, the trier of fact must find at least one statutory aggravating factor but cannot rely on the "catch-all" provision of the statute for this purpose. *Id.* at 566, ¶ 10. However, nothing prevents the court from "considering factors

embraced by a catch-all in imposing a sentence within a properly determined maximum range." *Id.* at ¶ 11.

**¶10** Here, A.R.S. § 13-705(E) provides a sentencing range between 5 years and 15 years for a conviction of a class 3 felony involving a minor under the age of 15. The presumptive sentence is ten years. Ariz. Rev. Stat. Ann. § 13-705(E) (2019). In his plea agreement, Hill agreed to a prison term "up to 12.5 years in the department of corrections, at [the] judge's discretion." The court did not find statutory aggravating circumstances to sentence Hill above the presumptive sentence. But nothing prevented the court from considering the factors embraced by the catch-all provision when determining and imposing a presumptive sentence. *See Schmidt*, 220 Ariz. at 566, ¶ 11.

**¶11** Finally, Hill argues the court erred by considering evidence outside of the sentencing hearing. A court is free to consider all facts and circumstances surrounding the crime and the defendant when determining a sentence within the statutorily defined range. *Apprendi v. New Jersey*, 530 U.S. 466, 481 (2000) ("[N]othing . . . suggests that it is impermissible for judges to . . . [take] into consideration various factors relating both to offense and offender — in imposing a judgment within the range prescribed by statute."). Hill pled guilty to attempted sexual conduct with a minor and a paternity test confirmed he had a child with the minor. Moreover, the presentence report stated Hill repeatedly had sexual intercourse with the minor. After considering the facts presented, the court sentenced Hill to the presumptive prison term of ten years. There was no error.

## CONCLUSION

**¶12** For the foregoing reasons, we find the court did not abuse its discretion by dismissing the Rule 32 proceeding for failing to state a colorable claim. Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

4