NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOSE TAPIA, *Appellant*.

No. 1 CA-CR 18-0530
FILED 7-30-2019

Appeal from the Superior Court in Yuma County
No. S1400CR201700341
The Honorable David M. Haws, Judge

**CONVICTION AFFIRMED, SENTENCE VACATED
AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Eugene Marquez
*Counsel for Appellant*

MEMORANDUM DECISION

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jennifer B. Campbell joined.

J O H N S E N, Judge:

¶1 Jose Tapia was convicted of manslaughter, a dangerous Class 2 felony, and the superior court sentenced him to 15 years in prison. On appeal, Tapia does not challenge his conviction, but argues the court erred in imposing sentence. We conclude his sentence was illegal and remand for resentencing.

FACTS AND PROCEDURAL HISTORY

¶2 Tapia was charged with second-degree murder. A jury convicted him of the lesser-included offense of manslaughter, a dangerous offense. Although the State had filed a notice of intent to prove two aggravating factors and an amended indictment alleging Tapia had a "historical dangerous prior felony conviction," the jury was not asked to determine any aggravating factors. The court set a sentencing hearing for 26 days after the verdict. At the hearing, the court stated it intended to sentence Tapia to the maximum prison term, apparently based on Tapia's criminal history. After Tapia asserted the State had not offered evidence to prove a prior conviction, the court continued the sentencing for one week. A few days later, the court *sua sponte* continued the sentencing two additional days, pushing the sentencing to 35 days after the guilty verdict. The court also notified the parties that it would allow the State to prove Tapia's prior felony conviction. At the rescheduled sentencing hearing, the court found, based on the State's evidence, that Tapia had been convicted of two felonies in California. It then sentenced Tapia to an aggravated sentence of 15 years' imprisonment.

¶3 Tapia timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised

Statutes ("A.R.S.") sections 12-120.21(A)(1) (2019), 13-4031 (2019), and -4033(A)(1) (2019).[1]

## DISCUSSION

**¶4**      Tapia argues we should vacate and remand his sentence because the superior court continued his sentencing without good cause. *See State v. Burkett*, 179 Ariz. 109, 114 (App. 1993) (speedy-trial right extends to sentencing). Tapia also argues the court violated the separation of powers doctrine when it "ordered the prosecutor to present evidence of the prior conviction."

**¶5**      We need not address Tapia's arguments, however, because we conclude the court committed fundamental error when it imposed an aggravated sentence in the absence of a proper aggravating circumstance. Although Tapia did not raise this issue in his brief, an illegal sentence constitutes fundamental error, and "we will not ignore [fundamental error] when we find it." *State v. Fernandez*, 216 Ariz. 545, 554, ¶ 32 (App. 2007); *see State v. Thues*, 203 Ariz. 339, 340, ¶ 4 (App. 2002).

**¶6**      Under A.R.S. § 13-704(A) (2019), the presumptive sentence for a dangerous Class 2 felony is 10.5 years. The superior court here had the power to impose a sentence that exceeded the presumptive term only if aggravating circumstances were found. A.R.S. §§ 13-701(C) (2019), -704 (H). The jury did not find any aggravating circumstances, and Tapia did not admit to any. *See* A.R.S. § 13-701(C) (aggravating circumstances must be found by trier of fact or admitted by defendant). Instead, the superior court found that Tapia had committed two prior felonies that constituted aggravating circumstances. *See* A.R.S. § 13-701(D)(11).

**¶7**      The applicable statute, however, allows a prior felony as an aggravating circumstance only if the conviction occurred "within the ten years immediately preceding the date of the offense." *Id*. As the State concedes on appeal, Tapia was convicted of the two felonies more than 10 years preceding the current offense. The State suggests the superior court also may have relied on the "catch-all" of A.R.S. § 13-701(D)(27) in imposing an aggravated sentence, but, as it acknowledges, the court could not impose an aggravated sentence based on the "catch-all" in the absence of an enumerated aggravating circumstance under § 13-701(D). *See State v. Schmidt*, 220 Ariz. 563, 566, ¶¶ 10-11 (2009). Accordingly, the superior court

---

[1]      Absent material revision after the date of an alleged offense, we cite the current version of a statute or rule.

lacked the power to impose a sentence greater than the presumptive term of 10.5 years.  A.R.S. § 13-704(A).

## CONCLUSION

**¶8**        Tapia's conviction is affirmed, but his sentence is vacated and remanded for further proceedings.  Because no permissible sentencing enhancers or aggravating circumstances were found, the court must impose a sentence no greater than the presumptive term under A.R.S. § 13-704(A).

