NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CHAD BEGAY, *Petitioner*.

No. 1 CA-CR 20-0226 PRPC

FILED 2-2-2021

Petition for Review from the Superior Court in Navajo County
No. CR2018-376
The Honorable Dale P. Nielson, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Navajo County Attorney's Office, Holbrook
By Bradley W. Carlyon
*Counsel for Respondent*

Chad Begay, San Luis
*Petitioner*

_____

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma, Judge Jennifer B. Campbell and Judge David D. Weinzweig delivered the decision of the Court.

_____

**PER CURIAM**:

**¶1**        Petitioner Chad Begay petitions this court for review from the dismissal of his petition for post-conviction relief. We grant review and deny relief.

**¶2**        Begay pled guilty to three felonies, including armed robbery (a class two felony), aggravated assault (a class three felony), and attempt to commit aggravated assault (a class three felony) as a non-dangerous, repetitive offender. The superior court accepted his guilty pleas and sentenced Begay to concurrent prison terms, the longest being twelve years, in accordance with the stipulations in the plea agreement.

**¶3**        Begay timely initiated post-conviction relief proceedings. Counsel was appointed and found no viable claims for relief. Begay then filed a pro se petition. Begay raised claims of an illegal sentence and ineffective assistance of counsel based on the court using the same prior felony conviction to both enhance and aggravate his sentence. After the State responded, the superior court summarily dismissed the petition. This petition for review followed.

**¶4**        Absent an abuse of discretion or error of law, this court will not disturb the trial court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). A defendant may challenge a sentencing provision in a plea agreement even if stipulated. *Coy v. Fields*, 200 Ariz. 442, 444, ¶ 6 (App. 2001).

**¶5**        On review, Begay again argues his sentence was illegal and his counsel was ineffective. He contends that he should have been sentenced to the presumptive term because the court used the same conviction to both enhance and aggravate his sentence. This court, however, has previously rejected that argument. *State v. Bonfiglio*, 228 Ariz. 349, 354, ¶ 21 (App. 2011) (the same prior conviction may be used to enhance and to aggravate the defendant's sentence).

**¶6** Moreover, the record supports that Begay entered the plea agreement knowingly, voluntarily and intelligently. The court questioned Begay and he answered affirmatively. Begay further admitted to the prior felony conviction used to enhance and aggravate his sentence. *See State v. Ring*, 204 Ariz. 534, 563, ¶ 93 (2003) ("In cases in which a defendant stipulates, confesses or admits to facts sufficient to establish an aggravating circumstance, [the court] will regard that factor as established.").

**¶7** A challenge to the voluntariness of a plea agreement is meritless when, on the record, the superior court questions a defendant in accordance with *Boykin v. Alabama*, 395 U.S. 238 (1969), and the defendant's responses to those questions indicate the defendant entered the plea knowingly, voluntarily and intelligently. *State v. Hamilton*, 142 Ariz. 91, 93 (1984). On this record, this standard was met.

**¶8** We grant review and deny relief.

